**STATE of Minnesota, Appellant,**

v.

**David Norton KEITH, Respondent.**

**No. 82–974.**

Supreme Court of Minnesota.

Oct. 29, 1982.

Warren Spannaus, Atty. Gen., St. Paul, R. Kathleen Morris, County Atty., Shakopee, for appellant.

Michael G. Singer, Minneapolis, for respondent.

SCOTT, Justice.

This is an appeal by the Scott County Attorney pursuant to Minn.R.Crim.P. 29.03 from a pretrial order of the district court in a gross misdemeanor prosecution of defendant for violating Minn.Stat. § 169.121, subds. 1(a) and 3(a), *as amended by* Act of March 19, 1982, ch. 423, 1982 Minn.Laws 288. The order removes the county attorney from the case and remands the matter to the city attorney for the City of Shakopee for prosecution. The issue raised by the appeal is whether only the city attorney generally shall prosecute the gross-misdemeanor violations of section 169.121. This issue would require interpretation of the following language of the statute: "The attorney in the jurisdiction in which the violation occurred who is responsible for prosecution of misdemeanor violations of section 169.121 shall also be responsible for prosecution of gross-misdemeanor violations of section 169.121." Minn.Stat. § 169.121, subd. 3(b), as amended.

The appellant has failed to comply with Minn.R.Crim.P. 29.03, subd. 2(5), which provides that the prosecutor must serve and file its brief within 15 days of the notice of appeal or the delivery of the transcript, whichever is later. We have ruled in a

number of cases that generally we will dismiss the state's appeal if this rule is not complied with unless there are special circumstances which would justify our exercising appellate jurisdiction. *State v. Olson,* 294 N.W.2d 320 (Minn.1980); *State v. Schroeder,* 292 N.W.2d 758 (Minn.1980). Here there are no special circumstances which would justify our exercising appellate jurisdiction.

 We note, however, that in matters of procedure rather than of substance the Rules of Criminal Procedure take preced-

ence over statutes to the extent that there is any inconsistency.

Defendant is awarded $400 as attorney fees pursuant to Minn.R.Crim.P. 29.03, subd. 2(8).

Appeal dismissed.