STATE of Minnesota, Respondent,

v.

Bruce Robert BATZER, Appellant.

No. C8–89–646.

Court of Appeals of Minnesota.

Dec. 5, 1989.

Hubert H. Humphrey, III, Atty. Gen., Mary J. Theisen, Sp. Asst. Atty. Gen., St. Paul, and Richard T. Jessen, Benton County Atty., Foley, for respondent.

F. Patrick McGrath, St. Paul, for appellant.

Heard, considered and decided by FOLEY, P.J., and KALITOWSKI and STONE,* JJ.

## OPINION

BRUCE C. STONE, Judge.

This is an appeal challenging the trial court's interpretation of Minn.Stat. § 609.131, subd. 1. We affirm.

## FACTS

On October 24, 1988, appellant was charged with driving 82 miles per hour in a 55 miles per hour zone, a violation of Minn. Stat. § 169.141 (1988). Ordinarily, this offense is a petty misdemeanor and would result in a maximum fine of $100. Minn. Stat. § 169.89, subd. 1(b). Appellant, however, had three moving violations within a 12–month period and was charged instead with a misdemeanor pursuant to Minn.Stat. § 169.89, subd. 1 (1988). Misdemeanor violations carry a maximum 90–day sentence or fine of not more than $700 or both. Minn.Stat. § 609.02, subd. 3. Defendants, in any prosecution for an offense punishable by incarceration, must be afforded the right to a jury trial. Minn.R.Crim.P. 26.01, subd. 1(1).

At the pretrial hearing, the prosecutor moved the court to certify the case as a petty misdemeanor pursuant to Minn.Stat. § 609.131 (1988). Appellant, desiring a jury trial, objected to the motion, arguing Minn.R.Crim.P. 23.04, which requires the consent of the defendant in certification of misdemeanor cases, superseded the conflicting Minn.Stat. § 609.131.

The trial court ruled that Minn.Stat. § 609.131, subd. 1 related to substantive criminal law and therefore superseded Minn.R.Crim.P. 23.04 pursuant to Minn. Stat. § 480.059, subd. 7 (1988). The trial judge allowed the certification over appellant's objection and tried and convicted him for a petty misdemeanor violation.

## ISSUE

Does Minn.Stat. § 609.131 supersede the conflicting Minn.R.Crim.P. 23.04?

## ANALYSIS

■ The standard of review in cases involving statutory construction is a matter of law which the court of appeals can address without deference to the trial court. *State v. Montpetit,* 445 N.W.2d 571 (Minn. Ct.App.1989) *pet. for rev. denied* (Minn. Oct. 31, 1989); *see also Durfee v. Rod Baxter Imports, Inc.,* 262 N.W.2d 349, 354 (Minn.1977).

■ Charged with a misdemeanor, appellant would have been entitled to a jury trial. Minn.R.Crim.P. 26.01. Because of the certification of his offense to a petty misdemeanor, appellant was subject to a fine only and trial by judge. Minn.Stat. § 169.89, subd. 2. Appellant, desiring a jury trial, argues that the certification process is a matter of procedural law and therefore governed by Minn.R.Crim.P. 23.-04.

Minn.Stat. § 480.059, subd. 1 provides:

The supreme court shall have the power to regulate the pleadings, practice, procedure, and the forms thereof in criminal actions in all courts of this state, by rules promulgated by it from time to time. Such rules shall not abridge, en-

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

large, or modify the substantive rights of any person.

There exists a conflict between Minn. Stat. § 609.131 and Minn.R.Crim.P. 23.04. Minn.Stat. § 609.131, subd. 1 (1988) provides:

Except as provided in subdivision 2 [not applicable in the instant case], an alleged misdemeanor violation must be treated as a petty misdemeanor if the prosecuting attorney believes that it is in the interest of justice that the defendant not be imprisoned if convicted and certifies that belief to the court at or before the time of arraignment or pretrial hearing, and the court approves the certification motion. *The defendant's consent to the certification is not required.* When an offense is certified as a petty misdemeanor under this section, the defendant's eligibility for court-appointed counsel must be evaluated as though the offense were a misdemeanor.

(Emphasis added).

Minn.R.Crim.P. 23.04, enacted in 1975, states:

If at or before the time of arraignment or trial on an alleged misdemeanor violation, the prosecuting attorney certifies to the court that in his opinion it is in the interest of justice that the defendant not be incarcerated if convicted, the alleged offense shall be treated as a petty misdemeanor *if the defendant consents and the court approves.*

(Emphasis added).

The enabling legislation for the Rules of Criminal Procedure directly addresses this problem. *State v. Lopez,* 390 N.W.2d 306, 308 (Minn.Ct.App.1986).

Present statutes relating to the pleadings, practice, procedure, and the forms thereof in criminal actions shall be effective until modified or superseded by court rule. If a rule is promulgated pursuant to this section which is in conflict with a statute, the statute shall thereafter be of no force and effect. *Notwithstanding any rule however, the following statutes remain in full force and effect:*

(a) *Statutes which relate to substantive criminal law, found in chapters 609,* 617 and 624 except for sections 609.-115 and 609.145.

Minn.Stat. § 480.059, subd. 7 (1988) (emphasis added).

The disposition of this case, therefore, rests upon the determination of whether certification of a misdemeanor to a petty misdemeanor relates to procedural or to substantive law.

The Minnesota Supreme Court discussed what constitutes substantive law in *State v. Wingo,* 266 N.W.2d 508, 513 (Minn.1978):

By substantive rights the legislature was referring to statutes which declare what acts are crimes and prescribe punishment for their violation, rather than statutes which regulate the steps by which the guilt or innocence of one who is accused of violating a criminal statute is determined.

*Id.* at 513.

In *Stern v. Dill,* 442 N.W.2d 322 (Minn. 1989), the court defined substantive law as "that part of the law which creates, defines, and regulates rights, as opposed to 'adjective or remedial' law, which prescribes methods of enforcing the rights in obtaining redress for their invasion." *Id.* at 324.

Although on its face the certification process looks procedural because it is regulating the steps by which a charge is downgraded to a less severe offense, it in fact creates a different classification of offense with a different potential penalty. In Minnesota, crimes are classified by the legislature and defined as felony, gross misdemeanor, misdemeanor and petty misdemeanor. Minn.Stat. § 609.02, subds. 2, 3, 4, 4a.

By applying the rules derived from *Stern* and *Wingo,* we conclude that the certification of a misdemeanor to a petty misdemeanor is substantive law requiring Minn. Stat. § 609.131 to prevail over Minn.R. Crim.P. 23.04.

■ Finally, appellant argues that in order for Minn.Stat. § 609.131 to be deemed substantive, the court would have to find

that the legislature delegated to each prosecuting attorney "the authority to make a legislative determination of the severity of the act which is being prosecuted."

"The decision whether or not to prosecute, and what charge to file or bring * * * generally rests entirely in [the prosecutor's] discretion." *Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985) (citing *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1968)).

By certifying a misdemeanor to a petty misdemeanor, the prosecutor is simply exercising prosecutorial discretion in determining which charge to bring. By allowing certification under Minn.Stat. § 609.131, the legislature has realigned the punishment which would fit the offense. The fact that the prosecutor has discretion to alter the potential penalty is no greater exercise of discretion than that which he or she already had because the prosecutor could have charged appellant with a petty misdemeanor initially.

The supreme court has voluntarily confined its rulemaking authority to that provided for in Minn.Stat. § 480.059. It thus becomes unnecessary to consider the extent of the inherent rulemaking authority of that court.

## DECISION

The trial court properly determined the certification of a misdemeanor as a petty misdemeanor is governed by Minn.Stat. § 609.131, and does not require defendant's consent.

Affirmed.