The American States policy does not extend coverage beyond the bakery.

Reversed.

**STATE of Minnesota, Respondent,**

**v.**

**Steven Bruce JOHNSON, Appellant.**

**No. C8–92–1404.**

Court of Appeals of Minnesota.

Feb. 9, 1993.

Review Granted April 20, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas J. Simmons, Renville County

Atty., Nancy L. Jones Norman, Asst. County Atty., Olivia, for respondent.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Steven Bruce Johnson pleaded not guilty to a charge of misdemeanor speeding and demanded a jury trial. Over Johnson's objection, the trial court allowed the state to reduce the charge to a petty misdemeanor. Johnson was found guilty in a trial by the court. We affirm.

## FACTS

The parties stipulate that on January 12, 1992, Johnson was driving his car along Highway 212 in Renville County at 73 mph in a 55 mph zone. He was cited for speeding and for failing to wear a seat belt.

Johnson was charged with a misdemeanor because of his prior convictions for speeding. *See* Minn.Stat. § 169.89, subd. 1 (1990). He pleaded not guilty to the charges and demanded a jury trial. The state certified that Johnson's incarceration would not be in the interest of justice and moved to reduce the charge to a petty misdemeanor pursuant to Minn.Stat. § 609.131, subd. 1 (1990). Johnson objected and pointed out that Minn.R.Crim.P. 23.04 requires the state to obtain his consent before treating the misdemeanor violation as a petty misdemeanor.

In granting the state's motion, the trial court found that Minn.Stat. § 609.131, subd. 1 governs conflicting provisions in Minn.R.Crim.P. 23.04; thus, Johnson's consent to the reduction in charges was not required. The court denied Johnson's demand for a jury trial on the grounds that a petty misdemeanor is not a crime and found Johnson guilty as charged.

## ISSUES

1. Must the state obtain a defendant's consent before reducing a charge from a misdemeanor to a petty misdemeanor?

2. Is this court bound by comments to the rules of criminal procedure?

## ANALYSIS

■ The central issue in this case is the construction and application of Minn.Stat. § 609.131, subd. 1 in light of a conflicting provision in Minn.R.Crim.P. 23.04. We are not bound by the trial court's determination of this purely legal question. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984); *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977). Our review of this matter, however, is guided by principles of comity:

> Due respect for the coequal branches of government requires the court to exercise great restraint before striking down a statute as unconstitutional, particularly when it involves a determination of what is a legislative and what is a judicial function.

*State v. Willis*, 332 N.W.2d 180, 184 (Minn. 1983). Thus,

> when a specific measure can reasonably be viewed as either substantive or procedural, it should be resolved in favor of its substantive character.

Maynard E. Pirsig and Randall M. Tietjen, *Court Procedure and the Separation of Powers in Minnesota*, 15 Wm. Mitchell L.Rev. 141, 187 (1989).

■ 1. Reducing a charge from a misdemeanor to a petty misdemeanor decriminalizes the alleged offense and eliminates the defendant's right to a jury trial. Minn. Stat. § 609.02, subd. 4a (1990) (petty misdemeanor is not a crime); Minn.R.Crim.P. 26.01, subd. 1(1)(b) (petty misdemeanors are tried to the court). Minn.Stat. § 609.-131, subd. 1 states that a court may treat a misdemeanor violation as a petty misdemeanor if the prosecuting attorney certifies to his or her belief that imprisonment would not be "in the interest of justice." It also states that "[t]he defendant's con-

sent to the certification is not required." *Id.* Minn.R.Crim.P. 23.04, however, states that the court must obtain the defendant's consent before it may treat a misdemeanor as a petty misdemeanor. The rule directly conflicts with the statute in this respect. We must determine whether the power to certify a misdemeanor to a petty misdemeanor is properly vested in the legislature or the supreme court. *See* Minn. Const. art. III, § 1.

The enabling legislation for the rules of criminal procedure provides as follows:

> If a rule is promulgated pursuant to this section which is in conflict with a statute, the statute shall thereafter be of no force and effect. Notwithstanding any rule, however * * * [s]tatutes which relate to substantive criminal law [remain in full force and effect].

Minn.Stat. § 480.059, subd. 7 (1990). In matters of procedure, the rules of criminal procedure take precedence over inconsistent statutes. *State v. Keith,* 325 N.W.2d 641, 642 (Minn.1982). But the rules may not "abridge, enlarge, or modify the substantive rights of any person." Minn.Stat. § 480.059, subd. 1 (1990). The disposition of this case, therefore, rests upon whether certification of a misdemeanor to a petty misdemeanor is a matter of procedural or substantive law. *State v. Batzer,* 448 N.W.2d 565, 567 (Minn.App.1989).

■ In *Batzer,* a case which arose from nearly identical facts, we held that Minn. Stat. § 609.131, subd. 1 controls Minn. R.Crim.P. 23.04 and that a defendant's consent to certification is not required. *Batzer,* 448 N.W.2d at 567. We found that the certification process "creates a different classification of offense with a different potential penalty," and we noted that the supreme court describes "substantive rights" as follows:

> By substantive rights the legislature was referring to statutes which declare what acts are crimes and prescribe punishment for their violation, rather than statutes which regulate the steps by which the guilt or innocence of one who is accused of violating a criminal statute is determined.

*Id.* (quoting *State v. Wingo,* 266 N.W.2d 508, 513 (Minn.1978)); *see Stern v. Dill,* 442 N.W.2d 322, 324 (Minn.1989) (substantive law "creates, defines and regulates rights, as opposed to * * * enforcing the rights or obtaining redress for their invasion.") We reaffirm our holding in *Batzer* that the certification process is a matter of substantive rather than procedural law and that Minn.Stat. § 609.131, subd. 1 governs conflicting provisions in Minn.R.Crim.P. 23.04.

■ 2. Johnson points out that since the issuance of the *Batzer* opinion, the advisory committee for the rules of criminal procedure has added the following language in its comment to Rule 23.04:

> Contrary to what is provided in Rule 23.04, Minnesota Statutes section 609.131 enacted by the legislature in 1987 (Chapter 329, section 6) purports to allow the reduction of a misdemeanor to a petty misdemeanor without the consent of the defendant. The Advisory Committee is aware of this statute, but after consideration rejects any change in the Rule. On such matters of procedure the Rules of Criminal Procedure take precedence over statutes to the extent there is any inconsistency. *State v. Keith,* 325 N.W.2d 641 (Minn.1982).

Minn.R.Crim.P. 23.04, cmt.

Comments to the rules of criminal procedure are not promulgated or approved by the supreme court. *State v. Bonafide,* 457 N.W.2d 211, 213 (Minn.App.1990). Nor does the comment to rule 24.03 explain why certification is a matter of procedure. Minn.R.Crim.P. 23.04, cmt. The comment directs the reader's attention to *Keith.* The holding in *Keith,* however, merely states that the rules take precedence over statutes in procedural matters. *Keith,* 325 N.W.2d at 642. The *Batzer* decision, by comparison, specifically addresses which matters are procedural or substantive in nature. *Batzer,* 448 N.W.2d at 567.

In addition, the comment notes that Minn.Stat. § 609.131 was enacted in 1987, after the enactment of the enabling legislation for the rules of criminal procedure.

This indicates an intent by the legislature to reclaim the issue.

## DECISION

The trial court properly granted the state's motion to certify the misdemeanor offense as a petty misdemeanor.

Affirmed.