STATE of Minnesota, Respondent,

v.

Steven Bruce JOHNSON, Petitioner,
Appellant.

No. C8–92–1404.

Supreme Court of Minnesota.

March 25, 1994.

Samuel A. McCloud, Dean S. Grau, Barry L. Hogen, Minneapolis, for appellant.

Thomas J. Simmons, Renville County Atty., Nancy L. Jones Norman, Asst. Renville County Atty., Olivia, for respondent.

George Kuprian, Asst. Wash. County Atty., Stillwater, for amicus curiae, MN County Atty's. Assoc.

John M. Stuart, MN State Public Defender, Charlann Winkin, Asst. Public Defender, Minneapolis, for amicus curiae, MN State Public Defender.

Hubert H. Humphrey, III, Atty. Gen., Robert Stanich, Sp. Asst. Atty. Gen., St. Paul, for amicus curiae, Atty. Gen.

## OPINION

WAHL, Justice.

The question raised by this appeal is whether the certification process by which a misdemeanor offense is treated as a petty misdemeanor is a matter of procedural law governed by Rule 23.04, Minnesota Rules of Criminal Procedure, which requires the defendant's consent, or a matter of substantive law governed by Minnesota Statutes, § 609.-131, subd. 1 (1992), which requires the approval of the court but not the consent of the defendant. The trial court and the court of appeals held the certification of a misdemeanor as a petty misdemeanor to be a matter of substantive law governed by statute. We reverse.

On January 12, 1992, appellant Steven Bruce Johnson was stopped for driving 73 mph in a 55 mph zone and cited for speeding and for failing to wear a seat belt.[1] Because this was appellant's third moving violation in a year, he was charged with a misdemeanor pursuant to Minn.Stat. § 169.89, subd. 1.[2]

Appellant appeared in court, pleaded not guilty, and requested a jury trial. Some time later, but before trial, the prosecutor moved to certify the misdemeanor charge as a petty misdemeanor pursuant to Minn.Stat. § 609.131, subd. 1 and *State v. Batzer*, 448 N.W.2d 565 (Minn.App.1989). Appellant objected to the state's motion because he would lose his right to a jury trial if the misdemeanor charge was certified as a petty misdemeanor. Minn.R.Crim.P. 23.05, subd. 1; Minn.Stat. § 169.89, subd. 2. He argued that Minn.R.Crim.P. 23.04, which requires the state to obtain a defendant's consent before treating a misdemeanor violation as a petty misdemeanor, supersedes the conflicting statutory provision.

---

**1.** Speeding is ordinarily a petty misdemeanor with a maximum penalty of a $100 fine. Minn. Stat. § 169.89, subds. 1, 2 (1992).

**2.** A misdemeanor carries a maximum penalty of a 90–day sentence and/or a $700 fine. Minn. Stat. § 609.02, subd. 3 (1992).

The trial court ruled that the statute governed the certification process, permitted the reduction over appellant's objection, and then denied appellant's demand for a jury trial on the ground that a petty misdemeanor is not a crime. After a bench trial on stipulated facts, the trial court found appellant guilty. The court of appeals held first that the certification process is a matter of substantive rather than procedural law, and then concluded that Minn.Stat. § 609.131, subd. 1 prevails over conflicting provisions in Minn. R.Crim.P. 23.04, affirming the trial court. 495 N.W.2d 454. This court granted review. The Minnesota Attorney General, the State Public Defender, and the Minnesota County Attorneys Association have filed briefs as amici curiae in response to this court's invitation.

Whether the certification process is a matter of substantive law governed by Minn. Stat. § 609.131, subd. 1, or a matter of procedural law governed by Rule 23.04, Minn. R.Crim.P., is a question of law which this court will review de novo. *Meister v. Western Nat. Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn.1992).

The question presents a conflict between a rule of criminal procedure, adopted by this court in 1975, and a statute enacted by the legislature in 1987, both regulating the manner in which a statutory misdemeanor may be certified as a petty misdemeanor.

Rule 23.04, provides:

If at or before the time of arraignment or trial on an alleged misdemeanor violation, the prosecuting attorney certifies to the court that in the prosecuting attorney's opinion it is in the interests of justice that the defendant not be incarcerated if convicted, the alleged offense shall be treated as a petty misdemeanor *if the defendant consents* and the court approves. (emphasis added)

Minn.Stat. § 609.131, subd. 1, provides:

Except as provided in subdivision 2, an alleged misdemeanor violation must be treated as a petty misdemeanor if the

prosecuting attorney believes that it is in the interest of justice that the defendant not be imprisoned if convicted and certifies that belief to the court at or before the time of arraignment or pretrial hearing, and the court approves of the certification motion. *The defendant's consent to the certification is not required.* When an offense is certified as a petty misdemeanor under this section, the defendant's eligibility for court-appointed counsel must be evaluated as though the offense were a misdemeanor. (emphasis added)

■ Under the rule, if the defendant does not consent to the reduction in the charge, the court cannot grant the state's motion and the charge proceeds to jury trial as a misdemeanor, *State v. Gwara*, 311 Minn. 106, 107–08 n. 2, 247 N.W.2d 417, 418 n. 2 (1976). Under the statute, however, certification takes place without defendant's consent and, in decriminalizing the offense, denies the defendant a jury trial. Minn.Stat. § 169.89, subd. 2.

■ This court has the authority to "regulate the pleadings, practice, procedure, and the forms thereof in criminal actions in all courts of this state, by rules promulgated by it from time to time." Minn.Stat. § 480.-059, subd. 1 (1992). This authority, acknowledged by the legislature, arises from the court's inherent judicial powers. *State v. Willis*, 332 N.W.2d 180, 184 (Minn.1983).[3] Notwithstanding this inherent power, the enabling legislation for the Rules of Criminal Procedure purports to reserve to the legislature the right to "enact, modify, or repeal any statute or modify or repeal any rule of the supreme court adopted pursuant thereto." Minn.Stat. § 480.059, subd. 8. Commentators have recognized, however, as do we, that since the 1956 amendment to the Judiciary Article of the Minnesota Constitution removed the constitutional requirement that pleadings and proceedings be under the direction of the legislative body, under the separation of powers doctrine the legislature "has no constitutional authority in their enabling acts or otherwise to reserve a right to

---

**3.** In *Willis*, this court made clear its understanding of its inherent power, stating that "[t]he judicial function constitutionally empowers the

courts to make their own rules of procedure, * * * and this prerogative of the courts * * * ought not to be doubted." *Id.*

modify or enact statutes that will govern over court rules [of procedure] already in place."[4] Maynard E. Pirsig & Randall M. Tietjen, *Court Procedure and the Separation of Powers in Minnesota*, 15 Wm. Mitchell L.Rev. 141, 182 (1989).[5] But, as we noted in *Willis*, 332 N.W.2d at 184, due respect for coequal branches of government requires this court to exercise great restraint in considering the constitutionality of statutes particularly when the consideration involves what is a legislative function and what is a judicial function.

Determination of procedural matters is a judicial function. The legislature, for its part, determines matters of substantive law and has carefully protected that prerogative by providing that the Rules of Criminal Procedure "shall not abridge, enlarge, or modify the substantive rights of any person." Minn. Stat. § 480.059, subd. 1. As a matter of substantive law, the legislature has "[t]he power to define the conduct which constitutes a criminal offense and to fix the punishment for such conduct * * *." *State v. Olson*, 325 N.W.2d 13, 17–18 (Minn.1982). Both branches agree that "[i]n matters of procedure rather than substance, the Rules of Criminal Procedure take precedence over statutes to the extent that there is any inconsistency." *State v. Cermak*, 350 N.W.2d 328, 331 (Minn. 1984); *State v. Keith*, 325 N.W.2d 641, 642

(Minn.1982). Minn.Stat. § 480.059, subd. 7 provides:

> If a rule is promulgated pursuant to this section which is in conflict with a statute, the statute shall thereafter be of no force and effect. Notwithstanding any rule, however, the following statutes remain in full force and effect:
>
> (a) Statutes which relate to *substantive* criminal law, found in chapters 609, 617, and 624, except for sections 609.115 and 609.145. (emphasis added)

Thus, the question becomes whether the certification process is a matter of substantive or procedural law. This court has distinguished substantive and procedural law as follows:

> [B]y substantive rights the legislature was referring to statutes which declare what acts are crimes and prescribe punishment for their violation, rather than statutes which regulate the steps by which the guilt or innocence of one who is accused of a criminal statute is determined.

*State v. Wingo*, 266 N.W.2d 508, 513 (Minn. 1978).

In *Stern v. Dill*, 442 N.W.2d 322, 324 (Minn.1978), we defined substantive law as "that part of the law which creates, defines and regulates rights, as opposed to * * * 'remedial law', which prescribes [the] method of enforcing the rights or obtaining redress for their invasion."[6] The California Court of

---

4. It is noteworthy that even prior to the 1956 amendment of the Judiciary Article in Minnesota, when the Minnesota Constitution explicitly vested the rulemaking power in the legislative branch, the court's inherent power to establish rules of procedure existed and was exercised where the legislature had not provided necessary procedure. Maynard Pirsig and Randall M. Tietjen, *Court Procedure and the Separation of Powers in Minnesota*, 15 Wm. Mitchell L.Rev. 141, 189 (1989). In *Whaley v. Bayer*, 99 Minn. 397, 399, 109 N.W. 820, 821 (1906), the trial court had discharged an order to show cause in a primary election because the proceedings were not authorized by statute. This court reversed, stating "when jurisdiction over a subject-matter is conferred upon a court, and the details of the procedure are not provided for, the court will establish and adopt such procedure as is necessary to render the grant of jurisdiction effective." *Id.*

5. Of course, if the legislature passes a statute in an area not already governed by a rule, the court,

as a matter of comity, may let it stand. For example, in *Sharood v. Hatfield*, 296 Minn. 416, 210 N.W.2d 275 (1973), this court addressed a legislative act intended to regulate the practice of law, over which the court has inherent power:

> It is true that this court has acquiesced in legislative acts prescribing administrative procedures for admission and discipline of attorneys *as long as such acts did not usurp the right of the court to make the final decision.* * * * [T]he court may wish to adopt some of the [legislative] provisions. * * * [I]n so doing, *we do not concede that their enactment was a permissible legislative prerogative.*

*Id.* at 424–25, 210 N.W.2d at 279–80 (emphasis added).

6. The United States Supreme Court has said, "[t]he test must be whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them."

Appeal provides another helpful definition, "[a] statute is procedural when it neither creates a new cause of action nor deprives defendant of any defense on the merits." *Strauch v. Superior Court,* 107 Cal.App.3d 45, 49, 165 Cal.Rptr. 552 (1980).

■ Many statutes and rules have both procedural and substantive aspects. Statutes of limitation, for example, are procedural in that they regulate when a party may file a lawsuit and are substantive in that they are outcome determinative.[7] Like statutes of limitation, the certification process at issue also partakes of both procedural and substantive elements.

■ Appellant and amicus State Public Defender assert that the certification process is procedural because the legislature did not amend section 169.89, subdivision 1(b) to change the penalty of appellant's offense from a misdemeanor to a petty misdemeanor but simply attempted to change the procedure by which a defendant's guilt or innocence is determined. To support this argument, they cite the language of section 609.131 as evidence that the section regulates a procedure—a "misdemeanor violation must be *treated* as a petty misdemeanor * * *." Minn.Stat. § 609.131, subd. 1 (emphasis added). In addition they argue that since certification deprives a defendant of the right to a jury trial, a right that regulates the steps by which a defendant's guilt or innocence is determined, the process falls within the definition of procedural law.[8]

On the other hand, the court of appeals, in *Batzer,* a case directly on point, determined that although the certification process "looks procedural because it is regulating the steps by which a charge is down-graded to a less severe offense," it is substantive because it "creates a different classification of offense with a different potential penalty." 448 N.W.2d at 567. Respondent relies on *Batzer.*

■ We believe that *Batzer* has misconceived the nature of the certification process. The process does not create a different classification of offense. Appellant's speeding offense, by operation of section 169.89, subd. 1, became a misdemeanor entitling him to a jury trial in light of his possible loss of liberty up to 90 days and property up to $700.[9] The process of certification as a petty misdemeanor under section 609.131 did not change any elements of the substantive offense or create a new class of offense. Rather the process details the steps by which the misdemeanor is *"treated* as a petty misdemeanor" with the guilt or innocence of the accused being determined by a judge at the request of the prosecutor. Thus, applying the distinction between substantive and procedural law set out in *Wingo,* we hold that the certification process by which a misdemeanor is treated as a petty misdemeanor is a matter of procedural law governed by Rule 23.04, Minn.R.Crim.P. Since the conflicting statute and rule concern matters of procedural law, the rule controls.

■ Amicus Curiae Minnesota Attorney General makes two additional arguments based on the enabling legislation. The attorney general asserts that the statute governs the certification process because the enabling legislation specifically states that statutes found in chapter 609 are substantive and therefore cannot be superseded by court rules. The attorney general also argues that by enacting section 609.131 after Rule 23.04 was promulgated, the legislature exercised its reserved power to "modify or repeal any

---

*Sibbach v. Wilson & Co.,* 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941)

**7.** The Supreme Court "adopted * * *, as a matter of constitutional law, the view that statutes of limitation go to matters of remedy, not to destruction of fundamental rights." *Id.*

**8.** Appellant also argues that the Advisory Committee's comment to Rule 23.04 indicates that the rule should control the certification process. This argument is unavailing since comments to the Rules of Criminal Procedure exist to guide

the court, not to bind it. *See State v. Notch,* 446 N.W.2d 383 (Minn.1989).

**9.** We take note of the serious collateral consequences attendant on conviction of a third moving traffic violation in one year set out by appellant. In light of our holding, we need not decide whether certification under such circumstances without the defendant's waiver of a jury trial would raise a constitutional due process issue. Under Rule 23.04 the defendant's waiver is required.

rule [of criminal procedure]." Section 480.-059, subd. 7(a) does provide that "statutes which relate to substantive criminal law, found in chapter(s) 609 * * *" shall remain in full force and effect notwithstanding the adoption of a court rule to the contrary. This does not mean, however, that placement of a statute in chapter 609, either before or after the adoption of the rule, suffices to confer substantive status.

We do not find the requirement of Rule 23.04 that the state obtain the consent of the defendant before treating a misdemeanor as a petty misdemeanor interferes with the prosecutor's charging function. Certainly, as a member of the executive branch of government, *State v. Olson*, 325 N.W.2d 13, 19 (Minn.1982), a prosecutor has broad charging authority.

> As a general rule, the prosecutor's decision whom to prosecute and what charge to file is a discretionary matter which is not subject to judicial review absent proof by defendant of deliberate discrimination based on some unjustifiable standard such as race, sex, or religion.

*State v. Herme*, 298 N.W.2d 454, 455 (Minn. 1980). *See also State v. Crocker*, 409 N.W.2d 840, 845 (Minn.1987).

Respondent, the attorney general, and the county attorneys association assert that the certification process has a direct bearing on the broad charging authority of the prosecutor, and a judicially imposed requirement of consent by the defendant directly impinges upon that authority. We find no constitutional separation of powers violation. The prosecutor at the outset is free to determine the charge that brings the defendant to court. Once the case is in court, however, that freedom is not untrammeled. Under Rule 3.04, Minn.R.Crim.P., the prosecuting attorney, if moving promptly, may move for a continuance to file a new complaint during pre-trial proceedings if on the basis of the evidence presented at the proceeding it appears that the defendant has committed a different offense from that charged in the complaint and that the prosecuting attorney intends to charge the defendant with such offense. Minn.R.Crim.P. 3.04, subd. 2(b). Thereafter, the court may permit a complaint to be amended at any time before verdict or finding only if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced. Minn.R.Crim.P. 17.05. At or before arraignment or trial, Rule 23.04 permits a misdemeanor to be treated as a petty misdemeanor on the certification of the prosecutor if the defendant consents and the court approves. These rules, by protecting the rights of the defendant which have by then attached, do not unconstitutionally infringe on the charging authority of the prosecutor.

We reverse the decision of the court of appeals and remand.

Reversed and remanded.