**STATE of Minnesota, Respondent,**

v.

**Richard Thomas RONQUIST, Appellant.**

**No. C4–97–1502.**

Court of Appeals of Minnesota.

May 5, 1998.

Review Granted June 17, 1998.

Hubert H. Humphrey III, Attorney General, for respondent.

Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, for respondent.

John M. Stuart, State Public Defender, Mark F. Anderson, Assistant Public Defender, for appellant.

Considered and decided by SCHUMACHER, P.J., and HUSPENI and SHUMAKER, JJ.

## OPINION

SHUMAKER, Judge.

Appellant Richard Thomas Ronquist argues that his sentence must be vacated because the trial court erred in sentencing him to a life term. He also argues, pro se, that he is entitled to a new trial as a result of ineffective assistance of counsel. Because the trial court did not err in sentencing Ronquist to a life term, and the record does not support Ronquist's ineffective assistance of counsel claim, we affirm.

## FACTS

Ronquist was charged by complaint with attempted first degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(e)(i) (1996) (person engages in sexual penetration with another causing personal injury by use of force); Minn.Stat. § 609.17 (1996) (Attempts). The complaint also made reference to appellant's two prior convictions: criminal sexual conduct in the second degree and criminal sexual conduct in the first degree.

The trial court found Ronquist guilty of attempted first degree criminal sexual conduct. As a result of this conviction, and Ronquist's two prior criminal sexual conduct convictions, the state filed a motion to have him sentenced to life imprisonment under Minn.Stat. § 609.346, subd. 2a (1996). Defense counsel objected, arguing that without a grand jury indictment the judge could not impose a life sentence. Minn. R.Crim. P. 17.01 (1996).

The trial court rejected this argument and sentenced him to a life term, stating:

> The provisions of 609.346 subdivision 2a * * * indicates that I shall sentence [to life term] a person who has been convicted of a violation of 609.342 and two previous sex offense convictions, * * * pursuant to 609.342, 609.434 or 609.344.

Ronquist appeals his sentence.

## ISSUES

Did the trial court err in sentencing Ronquist to life imprisonment?

Did Ronquist satisfy his burden of establishing ineffective assistance of counsel?

## ANALYSIS

### I. Life Sentence

██ Statutory construction is a question of law that this court reviews de novo. *State v. Johnson,* 514 N.W.2d 551, 553 (Minn.1994). Ronquist argues that his sentence must be vacated because the only way the trial court could have imposed a life sentence was by first obtaining a grand jury indictment. In support of his argument, Ronquist cites Minn. R.Crim. P. 17.01:

An offense that may be punished by life imprisonment shall be prosecuted by indictment, but the prosecution may proceed by a complaint following an arrest without a warrant or as the basis for the issuance of a warrant of arrest.

The state argues that no indictment was necessary because the sentencing judge possessed statutory authority to sentence Ronquist to a life term.

The court shall sentence a person to imprisonment for life, notwithstanding the statutory maximum sentence under section 609.342 if:

the person is convicted under section 609.342; and

the court determines on the record at the time of

sentencing that any of the following circumstances exists:

* * * *

(iii) the person has two previous sex offense convictions under sections 609.342, 609.343, or 609.344.

Minn.Stat. § 609.346, subd. 2a(a)(1)(2)(iii).

Ronquist does not dispute the fact that he qualifies under the statute; he merely argues that the state was required to proceed by indictment in order to impose a life sentence.

██ At issue here are seemingly irreconcilable differences between a rule of criminal procedure and a statute, each referring to life imprisonment. In general, when a rule of criminal procedure conflicts with a statute, the Rules of Criminal Procedure take precedence. *State v. Keith,* 325 N.W.2d 641, 642 (Minn.1982). This principle is reiterated in Minn.Stat. § 480.059, subd. 7 (1996) (when a rule is promulgated, and it conflicts with a

statute, the statute will no longer have any force or effect). There is, however, an exception to this principle. The following statutes remain in full force and effect, notwithstanding any conflicting rule:

(a) statutes which relate to substantive criminal law, found in chapters 609, 617, and 624, except for sections 609.115, and 609.145.

*Id.*

██ In this case, the trial court sentenced Ronquist to life imprisonment under Minn. Stat. § 609.346, subd. 2a, a statute that fell within the exception to the principle. Therefore, Ronquist is incorrect in arguing that, before the trial court imposed a life sentence, the prosecutor was required to proceed by indictment pursuant to Minn. R.Crim. P. 17.01. His sentence must stand.

### II. Effective Assistance of Counsel

Next, Ronquist argues, pro se, that he is entitled to a new trial based on ineffective assistance of counsel. The role of this court in determining whether Ronquist is entitled to a new trial based on ineffective assistance of counsel is twofold. First, Ronquist must prove that his representation "fell below an objective standard of reasonableness." *Gates v. State,* 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). Second, Ronquist must show that counsel's errors actually had an adverse effect and that "but for" the errors the result of the proceeding would have been different. *Gates,* 398 N.W.2d at 561. In making this determination we must consider the totality of the evidence before the trial court. *Id.* at 562.

██ Ronquist argues he was denied effective assistance of counsel because his attorney failed to introduce evidence establishing that the victim bled in his car. But counsel's attempt to establish that there was blood in the car likely would have hurt Ronquist's case rather than helped it. Thus, defense counsel acted reasonably in declining to offer such evidence.

■ Next, Ronquist argues he was denied effective assistance of counsel because his attorney failed to interview and call key witnesses at trial. "Which witnesses to call at trial and what information to present to the jury are questions that lie within the proper discretion of the trial counsel." *State v. Rainer,* 502 N.W.2d 784, 788 (Minn.1993). Ronquist takes issue with the fact that defense counsel did not interview the state's key witnesses before trial. Defense counsel received all the witnesses' statements before trial, however, and had an opportunity to effectively cross-examine each of the witnesses at trial. Ronquist also claims that defense counsel failed to call a highway worker who was a potential witness for the defense. There is nothing in the record that shows this highway worker had any insight into the incident that occurred between Ronquist and the victim. This court will not pass judgment on counsel's trial tactics when it is clear that these witnesses' statements would not have affected the outcome of the trial.

■ Ronquist also argues his attorney failed to move for sanctions against the state for not providing a witness's statement prior to trial. Neither side, however, had access to this information. The county attorney indicated on the record that she did not receive a copy of the statement. In an attempt to locate the witness's statement, the county attorney did find a supplemental police report that neither attorney had. Once the county attorney discovered this report, she gave it to defense counsel. Defense counsel, nevertheless, asked that the testimony of the witness whose statement was never discovered be stricken. The trial court denied the request. Ronquist fails to show how any sanction, other than the preclusion of testimony, would have provided a different outcome in the case.

Ronquist next argues that his attorney's failure to conduct a criminal history check of the victim before trial constituted ineffective assistance of counsel. This information, albeit not before trial, was nevertheless introduced into the record. Defense counsel recalled the victim to the stand and her prior record of prostitution was used to impeach her.

Ronquist also asserts defense counsel failed to properly advise him about the use of *Spreigl* evidence and failed to object to the admission of *Spreigl* evidence. The record, however, indicates otherwise. The record shows that defense counsel vigorously argued against the admission of such evidence. Simply because Ronquist felt that he was not properly advised on the use of *Spreigl* evidence does not prove defense counsel's representation fell below the reasonableness standard.

Next, Ronquist claims his attorney's erroneous advice prompted him to waive his right to a jury trial. Yet, the record details Ronquist's voluntary and informed waiver. Ronquist stated on the record that it was his idea to waive a jury trial. In fact, the judge asked Ronquist if this was what he really wanted to do and Ronquist replied, "Yes sir. I explained to my attorney that I did not do this incident and all I want is to be heard."

■ Finally, Ronquist argues he was denied effective assistance of counsel because his attorney failed to obtain access to the victim's bloodstained clothing, and failed to introduce Ronquist's clothing which was not bloodstained. Ronquist admits that he hit the victim and caused her nose to bleed. The lack of blood on his shirt, or the presence of blood on the victim's shirt, would not likely affect the outcome of the trial in view of Ronquist's admission.

In this case, Ronquist failed to meet his burden of proof that defense counsel's actions fell below the standard of reasonableness. Furthermore, the evidence shows that defense counsel's alleged errors had no effect on the outcome of the trial.

### DECISION

Minn.Stat. § 480.059, subd. 7, vests the trial court with the statutory authority to sentence Ronquist to life imprisonment, notwithstanding any rule of court. Furthermore, Ronquist failed to meet his burden of proving ineffective assistance of counsel.

**Affirmed.**