# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-1380

Sela Investments, Ltd LLP,
Appellant,

vs.

J. H.,
Respondent.

**Filed April 21, 2025**
**Reversed and remanded**
**Reyes, Judge**

Hennepin County District Court
File No. 27-CV-HC-23-9413

Christopher T. Kalla, Douglass E. Turner, Hanbery & Turner, P.A., Minneapolis, Minnesota (for appellant)

Elizabeth D. Frazier, Walter W. Burk, Minnesota Assistance Council for Veterans, St. Paul, Minnesota (for respondent)

Keith Ellison, Attorney General, Madeleine DeMeules, Assistant Attorney General, St. Paul, Minnesota (for intervenor)

Valerie Field, Anishinabe Legal Services, Cass Lake, Minnesota; and

Lawrence McDonough, Phillip Mellon, Samuel C. Spaid, Daniel Paul Suitor, HOME Line, Bloomington, Minnesota; and

Jessica Szuminski, Housing Justice Center, St. Paul, Minnesota; and

Peter LaCourse, Justice North, Duluth, Minnesota; and

Kayleen Asmus, Legal Assistance of Olmsted County, Rochester, Minnesota; and

Sarah K. Moore, Legal Services of Northwest Minnesota, Alexandria, Minnesota; and

Julia D. Zwak, Evan Gelles, Mid-Minnesota Legal Aid, Minneapolis, Minnesota; and

Jessie Nicholson, Southern Minnesota Regional Legal Services, St. Paul, Minnesota; and

Michelina Lucia, Andy Low, Standpoint, St. Paul, Minnesota; and

Sonja J. Woodward, Volunteer Lawyers Network, Minneapolis, Minnesota (for amici curiae)

Considered and decided by Bjorkman, Presiding Judge; Reyes, Judge; and Bond, Judge.

## SYLLABUS

Minn. Stat. § 484.014, subd. 3(a)(6) (Supp. 2023), is facially unconstitutional because it violates the separation-of-powers doctrine by mandating district courts to expunge an eviction case court file based on a defendant filing a motion seeking that relief, infringing on the judiciary's inherent authority to decide cases and control its own records.

## OPINION

**REYES**, Judge

Appellant argues that Minn. Stat. § 484.014, subd. 3, is facially unconstitutional on the ground of the separation-of-powers because it infringes on the judiciary's inherent authority to decide cases and to manage its own records.[1] We agree that section 484.014, subdivision 3(a)(6), relied upon by the district court, is unconstitutional. We therefore reverse and remand.

---

[1] We note that the legislature revised Minn. Stat. § 484.014, subd. 3(a)(6), which took effect January 1, 2024. However, the amendment changed Minn. Stat. § 484.014, subd. 3(a)(6) (Supp. 2023), to Minn. Stat. § 484.014, subd. 3(a)(7) (2024). The language of the statutory provisions are identical. Because respondent sought relief under Minn. Stat. § 484.014, subd. 3(a)(6) (Supp. 2023), we will cite that version of the statute.

**FACTS**

Our discussion of the facts is constrained because the district court eviction case court file has been expunged.[2]  "Expungement" is the removal of evidence of a court file's existence from publicly accessible records.   Minn. Stat. § 484.014, subd. 1(1) (Supp. 2023).  The facts stated in this opinion are therefore limited to the facts included in the parties' public filings in this appeal.  We have reviewed the publicly inaccessible records to ensure that the facts are accurately stated.

In December 2023, appellant Sela Investments, Ltd. LLP, (Sela) filed an eviction complaint against respondent J.H., alleging breach of lease.  At the first appearance later that month, Sela and J.H. reached a settlement agreement, which the district court approved.  On appeal, Sela does not dispute that J.H. fulfilled the terms of the settlement by vacating the property by January 31, 2024.

---

[2] This case was expunged before the appeal period expired.  "Unless a different time is provided by statute, an appeal may be taken from a judgment within 60 days after its entry, and from an appealable order within 60 days after service by any party of written notice of its filing."   Minn. R. Civ. App. P. 104.01.   The eviction-expungement statute, Minn. Stat. § 484.014 (Supp. 2023), does not establish an appeal deadline for a ruling on an expungement decision. *Compare* Minn. Stat. § 504B.371, subd. 2 (2024) (providing for 15-day appeal period from judgment entered in eviction action), and Minn. Stat. § 609A.03, subd. 9 (providing expressly that order granting criminal expungement petition may be appealed within 60 days of service of notice of filing of the order), *with* Minn. Stat. § 484.014 (addressing district court procedures but not appeal procedure).

Because Minn. Stat. § 484.014 does not establish a different deadline, an appeal may be taken from an order filed under Minn. Stat. § 484.014 within 60 days after service by any party of written notice of its filing.  Minn. R. Civ. App. P. 104.01.  Appellant therefore timely filed an appeal from the July 1, 2024 order granting relief under Minn. Stat. § 484.014 on August 28, 2024.

On June 28, 2024, J.H. filed a motion and supporting affidavit seeking immediate expungement of the eviction action based on J.H.'s compliance with the settlement agreement. The motion sought expungement under Minn. Stat. § 484.014, subds. 3(a)(6), and 2. The same day J.H. filed the motion, a referee signed a recommended order granting it under Minn. Stat. § 484.014, subd. 3. On July 1, 2024, the district court countersigned the recommended order. Sela did not respond to the motion before it was granted.

This appeal follows.

## ISSUES

I.      Is Minn. Stat. § 484.014, subd. 3(a)(6), facially unconstitutional because it violates the separation-of-powers doctrine by infringing on the judiciary's authority to decide cases and to manage its own records?

II.     Did the district court err by granting J.H.'s motion to expunge an eviction case court file under Minn. Stat. § 484.014, subd. 3(a)(6)?

## ANALYSIS

**I.      Minn. Stat. § 484.014, subd. 3(a)(6), is facially unconstitutional because it violates the separation-of-powers doctrine by infringing on the judiciary's authority to decide cases and to manage its own records.**

Sela argues that Minn. Stat. § 484.014, subd. 3, is facially unconstitutional because it mandates that courts expunge eviction case court files based solely on the filing of a motion by a party, which violates the separation-of-powers doctrine by removing the

4

judiciary's authority to decide cases and to manage its own records. We agree with respect to Minn. Stat. § 484.014, subd. 3(a)(6).[3]

J.H. sought expungement of the eviction case court file under two specific provisions of Minn. Stat. § 484.014,:

> **Subd. 2.** Discretionary expungement.
> The court may order expungement of an eviction case court file if the court finds the expungement is clearly in the interests of justice and those interests are not outweighed by the public's interest in knowing about the record.
>
> **Subd. 3.** Mandatory expungement.
> (a) The court shall, without motion by any party except for clause (6) order expungement of an eviction case:
> …
> (6) upon motion of a defendant, if the case is settled and the defendant fulfills the terms of the settlement.

Minn. Stat. § 484.014, subds. 2, 3(a)(6) (Supp. 2023).

We review Sela's separation-of-powers constitutional challenge de novo. *SooHoo v. Johnson*, 731 N.W.2d 815, 821 (Minn. 2007).

Judicial power in Minnesota originates from our state constitution. Minn. Const. art. VI, § 1 (vesting "[t]he judicial power of the state" in the "supreme court, a court of appeals, if established by the legislature, a district court and such other courts . . . as the legislature may establish"). "[W]hen the court came into existence it came with inherent powers that derive from the court's right to protect itself, to enable it to administer justice

---

[3] Although Sela makes a facial challenge to Minn. Stat. § 484.014, subd. 3, as a whole, J.H. requested relief under subdivision 3(a)(6) specifically. Our analysis is therefore limited to that specific provision. In addition, Sela argues that the statute violates the First Amendment and the common law. Because we reverse on separation-of-power grounds, we do not reach Sela's First Amendment and common-law arguments.

whether any previous form of remedy has been granted or not." *In re Greathouse*, 248 N.W.2d 735,737 (Minn. 1933). In short, judicial power "governs that which is essential to the existence, dignity, and function of a court because it is a court." *In re Clerk of Lyon Cnty. Court's Comp.*, 241 N.W.2d 781, 784 (Minn. 1976).

One aspect of judicial power is the inherent authority "to make the final decision." *Sharood v. Hatfield*, 210 N.W.2d 275, 279 (Minn. 1973) (striking down statute requiring attorney fees paid to be diverted into state's general fund rather than into separate fund for use in administration of bar because statute infringed on judiciary's "inherent power to regulate the practice of law"); *see also Irwin v. Surdyk's Liquor*, 599 N.W.2d 132, 141-42 (Minn. 1992) (striking portion of attorney-fee statute because it removed district court's authority to have final decision over attorney-fee determination); *Clerk of Ct.'s Comp. for Lyon Cnty.*, 241 N.W.2d at 786 (noting judiciary's power "comprehends all authority necessary to preserve and improve *the fundamental judicial function of deciding cases*") (emphasis added); *see also Johnson v. State*, 641 N.W.2d 912, 917 (Minn. 2002) (stating that power to decide who to prosecute and what charges to file reside with executive branch but final disposition of criminal case rests with judiciary).

Another aspect of judicial power is the inherent authority to control the performance of judicial functions, which includes the control of court records and agents of the court. *State v. C.A.*, 304 N.W.2d 353, 358 (Minn. 1981) ("The inherent authority of the courts to control the performance of judicial functions is well established.") (citations omitted). This authority extends to expungement of court records when it is "necessary to the performance of the judicial functions." *State v. M.D.T.*, 831 N.W. 2d 276, 280 (Minn. 2013) (quotations

6

omitted). And this authority prevents the legislature from determining whether the public has access. S*ee Order Regarding Minn. Stat. § 504B.321, Subd. 6 and the Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050 (Minn. Aug. 8, 2023) (reiterating "access to district court [eviction] case records [is] governed by the Rules of Public Access to Records of the Judicial Branch and "are public except authorized by court rules or court order.").

But the judiciary's inherent authority to manage its own records is limited to those records within the judicial branch. *State v. S.L.H.*, 755 N.W.2d 271, 280 (Minn. 2008) (concluding that district court did not have inherent authority to expunge criminal conviction records held in executive branch because it was not necessary to performance of judicial functions); *State v. H.A.*, 716 N.W.2d 360, 366 (Minn. 2006) (concluding that district court did not have inherent authority to expunge criminal records held by executive branch).

Under the separation-of-powers doctrine, each branch of government is prohibited from intruding upon another branch's unique constitutional functions. *State v. T.M.B.*, 590 N.W.2d 809, 812 (Minn. App. 1999), *rev. denied* (Minn. June 16, 1999). The judicial branch has power over procedural matters in addition to its power to make factual findings and apply the law. *State v. Lemmer*, 736 N.W.2d 650, 657 (Minn. 2007). The legislative branch has the power to create substantive law. *State v. Johnson*, 514 N.W.2d 551, 554 (Minn. 1994).

When analyzing whether a statute impermissibly infringes on a judicial function, appellate courts examine the nature of the statute. *Id*. at 554-55. A statute is constitutional

when it "in no way interferes with the judiciary's function of ascertaining facts and applying the law to the facts established." *Lemmer*, 736 N.W.2d at 657 (quotations omitted). However, if the "legislative act purports to exercise" a judicial function, the judiciary "must not hesitate to preserve what is essentially a judicial function." *Sharood*, 210 N.W.2d at 279. The party challenging the constitutionality of [a] statute bears the burden of establishing beyond a reasonable doubt that the statute violates a constitutional right. *ILHC of Eagan, L.L.C. v. County of Dakota*, 693 N.W.2d 412, 421 (Minn. 2005) (quotations omitted). And courts must "exercise great restraint before striking down a legislative act as unconstitutional, particularly when it involves a determination of what is a legislative prerogative and what is a judicial function." *Sharood*, 210 N.W.2d at 279.

**A.** **Minn. Stat. § 484.014, subd. 3(a)(6), violates the separation of powers by infringing on the district court's inherent authority to hear and decide cases.**

Sela argues that Minn. Stat. § 484.014, subd. 3(a)(6), violates the separation-of-powers doctrine by infringing on the district court's inherent authority to hear and decide cases. In response, J.H. argues that the statute simply creates a remedy by removing an eviction court case file from publicly accessible databases "without limiting the judiciary's final decision to expunge its own housing court records." We agree with Sela.

In 2023 and 2024, the legislature expanded the grounds for expungement of eviction case court records. Before 2023, Minn. Stat. § 484.014, subd. 3(a), mandated expungement in limited circumstances involving contract-for-deed cancellation or mortgage foreclosure, based on specific factual findings made by a district court. In contrast, the 2023 version of

8

subdivision 3(a)(6) requires the district court to expunge its court file "upon motion of a defendant, if the case is settled and the defendant fulfills the terms of the settlement."

The plain language of subdivision 3(a)(6) mandates district courts to order expungement of an eviction court file, in every case, solely upon a defendant's motion, without any decision-making by the district courts. Minn. Stat. § 484.014, subd. 3(a)(6) ("the court shall . . . order expungement of an eviction case . . . upon motion of a defendant, if the case is settled and the defendant fulfills the terms of the settlement."). This is contrary to standard court procedure, which allows the adverse party to object and the district court to decide the issue on the merits. In essence, subdivision 3(a)(6) precludes courts from considering the underlying facts of any case, considering the arguments raised by a party opposing expungement, making findings, or determining whether granting the expungement is in the best interests of society or the individual.

The supreme court has recognized that expungement of court records in criminal proceedings is an extraordinary remedy, which requires the district court to weigh the interests of the petitioner and the interests of society before determining whether expungement is appropriate. *State v. L.W.J.*, 717 N.W.2d. 451, 455 (Minn. 2006). District courts must likewise exercise their discretion in deciding whether expungement of eviction case court records is appropriate based on the unique facts of each case. *See Hous. & Redev. Auth. of Duluth v. Young*, 995 N.W.2d 1, 5 (Minn. App. 2023) (concluding that, based on similarity between criminal and eviction records, "the inherent judicial power to expunge records extends to judicially held eviction records."); *see also Minneapolis Star & Trib., Co. v. Schumacher*, 392 N.W.2d 197, 202 (Minn. 1986). For instance,

9

expungement of an eviction case may not be appropriate in a case in which a tenant causes extensive damage to a property or when other substantial violations of the lease occur. But under the current language of the statute, the district court would be required to expunge its own eviction case court file automatically, without any consideration of how the expungement may impact society.

We recognize the legislature's intent to provide Minnesotans relief from the consequences of an eviction history by enacting this statutory provision. But whether expungement of an eviction case court file is appropriate requires a legal determination that subdivision 3(a)(6) prevents district courts from making. The authority to make legal determinations rests exclusively with the judiciary. *Buckner v. Robichaud*, 992 N.W.2d 686, 690 (Minn. 2023).

While other statutes are also phrased in terms of mandatory expungement, Minn. Stat. § 484.014, subd. 3(a)(6), is different because it leaves no room for the district court to exercise its discretion. *See Young*, 995 N.W.2d at 5 (interpreting earlier version of eviction-expungement statute, Minn. Stat. § 484.014, subd. 2 (2022), by comparing it to criminal-expungement statute). For example, Minn. Stat. § 609A.03, subd. 5 (2024), which addresses expungement of criminal records, states in part that the district court "shall" grant a petition for expungement, but only if the district court determines that expungement of a criminal record is appropriate after it considers various statutory factors and "other factors deemed relevant by the [district] court." Minn. Stat. § 609A.03, subd. 5(b).

Similarly, the juvenile-delinquency-record-expungement statute directs the district court to consider several factors, but ultimately leaves it to the district court to decide

10

whether the expungement of the record "would yield a benefit to the subject of the record that outweighs the detriment to public and public safety" and is in the best interests of the juvenile and public safety. Minn. Stat. § 260B.198, subd. 6 (2024). In both instances the legislature mandates expungement but leaves the ultimate decision of whether to grant expungement to the district court's discretion after considering the facts of a particular case. *See Genin v. 1996 Mercury Marquis*, 622 N.W.2d 114, 117-118 (Minn. 2001) (stating that "the rules of construction forbid adding words or meaning to a statute that were intentionally or inadvertently left out" and acknowledging that when one section of a statute contains a particular provision omission of same provision from similar section is significant to show different legislative intent for different sections) (quotations omitted).

In contrast, the mandatory provision of Minn. Stat. § 484.014, subd. 3(a)(6), leaves the district court with no authority to decline or grant expungement or to consider "other facts" that it may deem relevant. Minn. Stat. § 609A.03, subd. 5(b). Instead, it requires the district court to order expungement of an eviction case court file automatically based solely on a motion filed by the defendant.[4]

---

[4] Although the parties did not brief this issue, we observe that Minn. Stat. § 484.014, subd. 3(a)(6), also may infringe on the judiciary's ability to regulate procedure because the statute does not appear to allow an affected party to respond to a motion for expungement. Generally, in civil proceedings, when a party files a motion, the opposing party has the opportunity to respond within 14 days. Minn. R. Civ. P. 115.03(b). In contrast, Minn. Stat. § 484.014, subd. 3(a)(6), does not on its face afford the opposing party an opportunity to oppose expungement. But even if a party did oppose a motion to expunge an eviction case court file, the district court has no authority under Minn. Stat. § 484.014, subd. 3(a)(6), to consider the argument or deny the motion. Minn. Stat. § 484.014, subd. 3(a)(6), interferes with the district court's enforcement of procedural rules, which ordinarily allows a party to oppose a motion within a reasonable time frame.

**B.** **Minn. Stat. § 484.014, subd. 3(a)(6), infringes on the judiciary's inherent authority to manage its own records.**

Sela also argues that Minn. Stat. § 484.014, subd. 3(a)(6), infringes on the judiciary's inherent authority to manage its own records by mandating the district court to expunge eviction case court files upon motion by a defendant. We agree.

"The inherent authority of the court to control their own records is well-established. . . ." *Young*, 995 N.W.2d at 5. Indeed, the supreme court has repeatedly rejected legislative attempts to impede the judiciary's authority to control its own records. *Order Regarding Minn. Stat. § 504B.321, Subd. 6, and the Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050 (Minn. Aug. 8, 2023) (citing *Clerk of Ct.'s Comp. for Lyon Cnty.*, 241 N.W.2d at 786).

Minn. Stat. § 484.014, subd. 1(1), defines "expungement" as "the removal of evidence of the court files' existence from the publicly accessible records." But the judiciary establishes the rules governing public access to court records. *In re GlaxoSmithKline PLC*, 732 N.W.2d 257, 266 (Minn. 2007). Minn. Stat. § 484.014, subd. 3(a)(6), by its plain language intrudes on those rules. The supreme court has issued a series of administrative orders, following the enactment of legislation that attempts to infringe on the judiciary's inherent authority to control its record, that guide our analysis. For instance, in *Order Promulgating Amendments to the Minnesota Rules of Juvenile Delinquency Procedure*, No. ADM10-8003 (Minn. May 14, 2014), the supreme court concluded that Minn. Stat. § 260B.171 (2013), which restricted public access to public juvenile-delinquency case records, "directly undermines the separation-of-powers principles"

12

because it limited public access to juvenile-delinquency proceedings, even though the judiciary already made juvenile-delinquency records available to the public upon court order. *Id*. at 7-8. And following the enactment of Minn. Stat. § 504.321, subd. 6, which purported to preclude the public from accessing eviction records until a final judgment had been entered, the supreme court issued an administrative order reiterating that access to district court case records in eviction proceedings is governed by the Rules of Public Access to Records of the Judicial Branch. *Order Regarding Minn. Stat. § 504B.321, Subd. 6 and the Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050 (Minn. Aug. 8, 2023). The supreme court has repeatedly explained that the maintenance of judicial records is a core judicial function that will not be disturbed and that public access to court records in any proceeding is governed by the rules adopted by the supreme court.

We therefore hold that Minn. Stat. § 484.014, subd. 3(a)(6), is facially unconstitutional as violating the separation-of-powers doctrine because it mandates a district court to order expungement of an eviction case court file solely based on when a defendant files a motion and leaves no room for the district court to exercise its discretion to decide whether expungement is appropriate, and therefore infringes on the court's inherent authority to manage its own records.

**II.     The district court erred by granting J.H.'s motion to expunge an eviction case court file under Minn. Stat. § 484.014, subd. 3.**

Having held that Minn. Stat. § 484.014, subd. 3(a)(6), is unconstitutional, we now address whether the district court's order granting J.H.'s motion under

Minn. Stat. § 484.014, subd. 3(a)(6), should be reversed. Given our reasoning above, reversal and remand is necessary.

Here, the district court's grant of J.H.'s motion was based solely on subdivision 3(a)(6). Because the district court granted J.H.'s motion to expunge the eviction case court file based solely on subdivision 3(a)(6), it did not reach J.H.'s request to expunge the court file under subdivision 2. We reverse and remand. On remand, the district court may consider the motion based on Minn. Stat. § 484.014, subd. 2.

## DECISION

Minn. Stat. § 484.014, subd. 3(a)(6), mandates that district courts order expungement of eviction case court files, eliminating their authority to make the final determination as to whether expungement of court records is appropriate in each case. Because Minn. Stat. § 484.014, subd. 3(a)(6), removes the district court's discretion to determine whether expungement of its own records is appropriate and infringes on the judiciary's inherent power to manage its own records, we hold that Minn. Stat. § 484.014, subd. 3(a)(6), is unconstitutional on its face because it violates the separation-of-powers doctrine. Because the district court granted expungement of the eviction case based solely on Minn. Stat. § 484.014, subd. 3(a)(6), we reverse and remand.

**Reversed and remanded.**