STATE of Minnesota, Respondent,

v.

Donald HERME, Appellant.

No. 50554.

Supreme Court of Minnesota.

Oct. 17, 1980.

C. Paul Jones, Public Defender, Mollie Raskind, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen, Asst. Atty. Gen., R. Scott Hill, Rice County Atty., Faribault, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of a charge of felony theft, Minn. Stat. § 609.52, subd. 2(1) (1978), and was sentenced by the trial court to a maximum prison term of five years. On this appeal from judgment of conviction, defendant contends (1) that his conviction should be reversed outright because the prosecutor violated his right to equal protection by discriminating against him in the charging decision, or (2) that he at least should be given a new trial on the ground that an instruction by the trial court on intent was plain error. We affirm.

 Defendant's first contention, based on the equal protection clause of the constitution, is without merit. Necessarily, prosecutors must have considerable discretion in the charging decision. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978); *State v. Andrews*, 282 Minn. 386, 165 N.W.2d 528 (1969); ABA Standards on the Prosecution Function § 3.9 (1971).[1] As a general rule, the prosecutor's decision whom to prosecute and what charge to file is a discretionary matter which is not subject to judicial review absent proof by defendant of deliberate discrimination based on some unjustifiable standard such as race, sex, or religion. *See Bordenkircher v. Hayes*, 434 U.S. at 364–65, 98 S.Ct. at 668–69; *City of Minneapolis v. Buschette*, 307 Minn. 60, 64–65, 240 N.W.2d 500, 503 (1976); *State v. Andrews*, 282 Minn. at 392, 165 N.W.2d at 532. The record in this case does not support any claim of discriminatory enforcement.

Defendant's other contention is that the trial court's instruction on intent was so misleading as to constitute plain error. Absent plain error, we will not review allegations of error in the instructions when the defendant has failed to object at trial. Here, defendant failed to object at trial, and the alleged instruction was not plainly erroneous.

Affirmed.

---

1. While recognizing the broad discretion of the prosecutor in the charging decision, the ABA Standards, in § 2.5, also encourages the prosecutor to adopt standards to guide the exercise of prosecutorial discretion in the office.