**STATE of Minnesota, CITY OF TRACY, Respondent,**

v.

**LeRoy NEUMAN, Appellant.**

**No. C7–85–1715.**

Court of Appeals of Minnesota.

Sept. 2, 1986.

Hubert H. Humphrey, III, State Atty. Gen., David W. Peterson, Asst. Co. Atty., Marshall, for respondent.

Bruce W. Christopherson, Clarkfield, for appellant.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

LeRoy Neuman appeals his July 30, 1985 conviction for the issuance of a worthless check. Minn.Stat. § 609.535. Neuman argues that his actions did not constitute a statutory violation and that his right to a jury trial was never waived as required by Minn.R.Crim.P. 26.01. We reverse and remand for a new trial.

## FACTS

Appellant LeRoy Neuman farms near Cottonwood, Minnesota. On September 7, 1984 he attended a forced auction sale at a neighbor's farm. The Norwest Bank of Tracy clerked the sale. The bank also received the sale proceeds. Neuman pur-

chased some milk cows. He paid with a personal check for $8,210, dated September 7, 1984. His checking account only contained about $300. Neuman testified he told the clerk it would take him a couple of days to sell cows to cover the check.

The check was returned for insufficient funds on September 12. A bank officer personally notified Neuman of the problem on September 13. Neuman immediately paid a portion of the $8,210 check, but he never paid in full. Notice of demand on the check was mailed to Neuman October 11, 1984. Five days later the balance due remained unpaid. Neuman was charged and convicted of issuing a dishonored check under Minn.Stat. § 609.535, subd. 2. Neuman was convicted after trial to the court.

## ISSUES

1. Does the record support the finding that appellant violated Minn.Stat. § 609.535 by writing a check "which, at the time of issuance, he intended shall not be paid?"

2. Did appellant waive his right to a jury trial?

## ANALYSIS

Minn.Stat. § 609.535 (Supp.1985) governs the issuance of dishonored checks. Subdivision 2 states:

> Whoever issues a check which, at the time of issuance, he intends shall not be paid, is guilty of a misdemeanor. In addition, restitution may be ordered by the court.

Subdivision 3 provides for proof of intent.

> Any of the following is evidence sufficient to sustain a finding that the person at the time he issued the check intended it should not be paid:
>
>    *    *    *    *    *    *
>
> (2) Proof that, at the time of issuance, he did not have sufficient funds or credit with the drawee and that he failed to pay the check within five business days after mailing of notice of nonpayment or dishonor as provided in this subdivision; or
> (3) Proof that, when presentment was made within a reasonable time, the issuer

did not have sufficient funds or credit with the drawee and that he failed to pay the check within five business days after mailing of notice of nonpayment or dishonor as provided in this subdivision.

The statute creates a rebuttable presumption. *State v. Williams,* 324 N.W.2d 154, 160 (Minn.1982). Proof of intent can be demonstrated by a showing of dishonor together with the subsequent failure to make good the check. Any evidence introduced to overcome the presumption creates a fact question for trial. Sufficient evidence justified the trial court's finding that the appellant did not intend to pay within the meaning of the statute.

Appellant argues he lacked the requisite intent because the qualifying statement he made upon presentation of the check that the check would be covered in a couple of days constructively postdated the check. Minn.Stat. § 609.535, subd. 5.

In Minnesota, checks are negotiable even if they are undated, antedated or postdated. The written or printed date is presumptively correct. Minn.Stat. § 336.3–114(1), (3) (1984). The check contained explicit notice of the payment obligation which is not subject to oral qualification.

Respondent concedes the appellant did not waive jury trial in accordance with the strict requirements of Rule 26.01.

> The defendant, with the approval of the court may waive jury trial provided he does so personally in writing or orally upon the record in open court, after being advised by the court of his right to trial by jury and after having an opportunity to consult with counsel.

Minn.R.Crim.P. 26.01, subd. 1(2)(a) (1984).

Respondent urges that a group advisory at the first hearing, the assistance of counsel, and a mailed advance notice of a nonjury trial should merge and create an implied waiver.

American constitutional law, as well as the common law, places a premium on the jury trial. Rule 26.01 reflects this empha-

sis; the rule clearly requires a jury trial in the absence of defendant's intelligent and recorded waiver. *State v. Sandmoen*, 390 N.W.2d 419 (Minn.Ct.App.1986). The occasional judicial exception does not negate the force of Rule 26.01. *See State v. Ford*, 276 N.W.2d 178 (Minn.1979) (defendant's presence and acceptance of counsel's oral waiver on the record ratified the waiver of jury trial).

The rule should be construed strictly. *State v. Ulland*, 357 N.W.2d 346, 347 (Minn.Ct.App.1984). The waiver requirement of Rule 26.01 mandates only a relatively painless and simple procedure to protect a basic right. Just as the police are required to advise an arrested individual of his rights, so must the court comply with Minn.R.Crim.P. 26.01.

## DECISION

Failure of a defendant to waive a jury trial either personally in writing or orally upon the record in open court requires reversal of conviction and remand for a new trial.

Reversed and remanded for new trial.