In the Matter of the **WELFARE OF D.D.B., Child.**

No. C9–98–2090.

Court of Appeals of Minnesota.

June 29, 1999.

John M. Stuart, State Public Defender, Charlann Winking, Assistant State Public Defender, Minneapolis, for appellant D.D.B.

Mike Hatch, Attorney General, St. Paul; and Alan L. Mitchell, St. Louis County Attorney, Leslie E. Beiers, Assistant County Attorney, Duluth, for respondent state.

Considered and decided by KLAPHAKE, Presiding Judge, WILLIS, Judge, and FOLEY,* Judge.

## OPINION

WILLIS, Judge

Appellant D.D.B., a juvenile, challenges the district court's order adjudicating him delinquent on the basis of his guilty plea to a charge of violating a Duluth city ordinance. We reverse.

## FACTS

In June 1998, D.D.B. was adjudicated delinquent in St. Louis County for felony possession of stolen property and placed on probation. In September 1998, D.D.B. ran away from home, in violation of his probation, and five days later, he fled Duluth police officers when they attempted to apprehend him. He was charged with obstructing a public officer, in violation of Duluth, Minn., Legislative Code § 34–4(b) (1984). D.D.B. pleaded guilty to the charge. Because D.D.B. was previously adjudicated delinquent for a felony offense, and because the district court treated the ordinance violation as a misdemeanor-level offense, the court enhanced the violation to a delinquency adjudication. D.D.B. appeals.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## ISSUE

Is violation of section 34–4(b) of the Duluth city code a misdemeanor-level offense that can be enhanced to a delinquency adjudication under Minn.Stat. § 260.015, subd. 21(c)(3)?

## ANALYSIS

When D.D.B. was adjudicated delinquent in June 1998, he forfeited his right to have any future. misdemeanor-level offense treated as a juvenile petty offense. *See* Minn.Stat. § 260.015, subds. 21(b) (1998) (providing that juvenile petty offense includes offense that would be misdemeanor if committed by adult), (c)(3) (1998) (providing that juveniles who have been previously adjudicated delinquent forfeit their right to be treated as juvenile petty offenders in subsequent prosecution for misdemeanor-level offense). Put another way, D.D.B.'s delinquency adjudication ensured that any subsequent misdemeanor-level offense he committed would result in an additional delinquency adjudication, which, as D.D.B. notes, creates the potential for out-of-home placement. *See id.*; Minn.Stat. § 260.185, subd. 1(c) (1998) (listing potential out-of-home placements after adjudication of delinquency).

Minn.Stat. § 260.015, subd. 21(b), (c) (1998), provides:

> (b) * * * [J]uvenile petty offense also includes an offense that would be a misdemeanor if committed by an adult.

> (c) "Juvenile petty offense" does not include any of the following:
> * * * * .

> (3) a misdemeanor-level offense committed by a child whom the juvenile court previously has found to have committed a misdemeanor, gross misdemeanor, or felony offense.

*Id.*

■ A crime is "conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine." Minn.Stat. § 609.02, subd. 1 (1998). A misdemeanor is a "crime for which a sentence of not more than 90 days or a fine of not more than $700, or both, may be imposed." *Id.*, subd. 3 (1998). For an offense to be a misdemeanor, therefore, imprisonment must be a possible, although not a necessary, punishment. In contrast, a petty misdemeanor is an offense that

> is prohibited by statute [or ordinance], which does not constitute a crime and for which a sentence of a fine of not more than $200 may be imposed.

*Id.*, subd. 4a (1998); *see also* Minn.Stat. § 609.0332 (1998) (permitting local governments to increase maximum penalty for ordinance violation that is defined as petty misdemeanor to $200). The maximum penalty for an ordinance violation that is not a petty misdemeanor is $700. Minn. Stat. § 609.034 (1998).

■ D.D.B. pleaded guilty to a charge of obstructing a police officer. Duluth, Minn., Legislative Code § 34–4(b) (1984). Violation of the ordinance is punishable by a maximum fine of $700 with no possibility of imprisonment. Duluth, Minn., Legislative Code § 1–7 (1984). Because imprisonment is not a possible punishment, violation of the ordinance is not a crime and, therefore, not a misdemeanor. And because a fine of up to $700 can be imposed, violation of the ordinance is not a petty misdemeanor. Breach of section 34–4(b) of the Duluth city code is simply an ordinance violation.

Because D.D.B. is guilty of an ordinance violation and not a misdemeanor-level offense, Minn.Stat. § 260.015, subd. 21(c)(3), does not apply, and the district court erred in enhancing the ordinance violation to a delinquency adjudication.

## DECISION

Violation of section 34–4(b) of the Duluth city code is not a misdemeanor-level offense and, therefore, cannot be enhanced to a delinquency adjudication under Minn. Stat. § 260.015, subd. 21(c)(3). This of-

fense should appear on D.D.B.'s record as an ordinance violation and nothing more.

**Reversed.**

DANIEL F. FOLEY, Judge (concurring specially)

I concur in the result.