**STATE of Minnesota, Respondent,**

v.

**Blair Christian WELTZIN, Appellant.**

**No. C5–00–127.**

Court of Appeals of Minnesota.

Oct. 31, 2000.

Mike Hatch, Attorney General, St. Paul, MN; and Mary E. Asmus, Duluth City Attorney, Duluth, MN (for respondent).

Cynthia L. Evenson, Assistant Public Defender, Duluth, MN (for appellant)

Considered and decided by TOUSSAINT, Chief Judge, HARTEN, Judge, and HUSPENI, Judge.

## OPINION

DORIS O. HUSPENI, Judge.[*]

In this appeal from a trial court order finding appellant Blair Christian Weltzin guilty of underage consumption in violation of Duluth, Minn., Code of Ordinances § 8–27(c) (1986), Weltzin contends that he was deprived of his right to a jury trial when the court granted the prosecution's motion to amend its complaint to charge underage consumption in violation of the Duluth city ordinance rather than under Minn.Stat. § 340A.503, subd. 1(a)(2) (1998). Because

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

the district court did not violate the Minnesota Rules of Criminal Procedure or abrogate Weltzin's right to a jury trial by permitting the prosecution to amend the citation, we affirm.

## FACTS

On April 4, 1999, Weltzin received a police citation charging him with underage misdemeanor consumption in violation of Minn.Stat. § 340A.503, subd. 1(a)(2) (1998). At the time, Weltzin was 19 years old and had no prior criminal history. Weltzin was not incarcerated on the citation. He appeared for arraignment on May 5, 1999, and entered a plea of not guilty.

At the pretrial conference on May 27, 1999, respondent City of Duluth (city) moved to amend the charge to consumption by a minor in violation of Duluth, Minn., Code of Ordinances § 8–27(c) (1986), whereby the maximum penalty for violation is a $700 fine. Weltzin opposed the motion, the court denied it, and the case was set for jury trial on September 21, 1999.

On September 13, 1999, Weltzin's attorney phoned the city prosecutor to request a trial continuance. The city agreed, and informed Weltzin's attorney of its intent to renew its motion to amend the citation in light of this court's decision, released after the May pretrial hearing, in *In re Welfare of D.D.B.*, 596 N.W.2d 666, 667–68 (Minn. App.1999) (holding that violations of the Duluth City Code are neither misdemeanors nor petty misdemeanor, but rather simply ordinance violations). The parties agreed to argue the motion to amend at a second pretrial conference on September 23, 1999.

The city filed and served its formal motion to amend on September 20, 1999. Following oral arguments on September 23, the district court granted the city's motion, reasoning that the city had the

Minn. Const. art. VI, § 10.

authority to dismiss and recharge the case under its own ordinances if it chose to do so. Accordingly, the district court amended the charge to minor consumption in violation of section 8–27(c) of the Duluth City Code. After a court trial on December 28, 1999, Weltzin was found guilty. This appeal follows.

## ISSUE

Did the trial court abrogate Weltzin's right to a jury trial by granting the prosecution's motion to amend the citation to charge Weltzin with a violation of Duluth, Minn., Code of Ordinances § 8–27(c) (1986), rather than misdemeanor underage consumption in violation of Minn.Stat. § 340A.503, subd. 1(a)(2) (1998)?

## ANALYSIS

Minn. R.Crim. P. 12.05 allows a complaint to "be amended at the pretrial conference as prescribed by [the Minnesota Rules of Criminal Procedure]." [1] Weltzin, in contending that the trial court erred in permitting the city to amend the citation at the pretrial conference, argues that three Minnesota Rules of Criminal Procedure were violated, and that he was denied his statutory and constitutional right to a jury trial.

**Minn. R.Crim. P. 17.05**

Weltzin argues Minn. R.Crim. P. 17.05 bars the prosecution from amending the citation because the amendment abrogates his right to a jury trial under the Minnesota Constitution. [2] There is no merit in this argument. Minn. R.Crim. P. 17.05 states:

> The court may permit an indictment or complaint to be amended at any time before verdict or finding if no additional

or different offense is charged and if substantial rights of the defendant are not prejudiced.

*Id.* Rule 17.05 " 'refers to motions to amend * * * complaints after the commencement of trial.' " *State v. Bluhm*, 460 N.W.2d 22, 24 (Minn.1990) (quotation and citation omitted). Before trial commences or jeopardy attaches, "the trial court is relatively free to permit amendments to charge additional offenses * * *, provided the trial court allows continuances where needed." *Id.* (citation omitted); *accord State v. Guerra*, 562 N.W.2d 10, 12–13 (Minn.App.1997). "In non-jury trials, jeopardy attaches when the witnesses are sworn and the court begins to hear evidence." *State v. Caswell*, 551 N.W.2d 252, 254–55 (Minn.App.1996) (citations omitted).

After agreeing to continue the September 21, 1999 trial date, the prosecution served a formal motion to amend the citation on September 20, 1999, and both parties argued the motion at the September 23, 1999 pretrial conference. Because jeopardy had not attached at the pretrial conference and the trial was not held until December 28, 1999, rule 17.05 does not apply to the prosecution's motion to amend the citation. Moreover, the policies behind Minn. R.Crim. P. 17.05 are "to protect against confusing the jury, violating due process notions of timely notice, and adversely affecting the trial tactics of the defense." *State v. Alexander*, 290 N.W.2d 745, 748 (Minn.1980). There is no indication that the motion was untimely or that amending the citation would confuse the jury or unfairly affect the defense's trial tactics.

---

1. The comment to Minn. R.Crim. P. 12 states that amending a complaint under rule 12.05 must be in accordance with rule 17.05 and also references rules 3.04, subd. 2, and 17.06, subd. 4.

2. In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county or district wherein the crime shall have been committed, which county or district shall have been previously ascertained by law. * * * In all [non-felony] criminal prosecutions, the legislature may provide for the number of jurors, provided that a jury have at least six members.
   Minn. Const. art. 1, § 6.

**Minn. R.Crim. P. 3.04, subd. 2**

■ A prosecuting attorney, if moving promptly, may seek a continuance to file a new complaint during pretrial proceedings if (1) the initial complaint does not properly name or describe the defendant or offense charged; or (2) the evidence presented at the proceeding shows the defendant has committed a different offense from that charged in the complaint and that the prosecuting attorney intends to charge the defendant with that offense. Minn. R.Crim. P. 3.04, subd. 2.

■ The city argues initially that rule 3.04, subd. 2, is intended to apply only to cases in which criminal complaints have been issued by prosecutors, and is inapplicable in this case because there was no "complaint" within the meaning of this rule at the time the motion to amend was brought. The city argues that because the peace officer's citation was the only charging document in existence during the pretrial proceedings, requiring the city to meet the requirements of rule 3.04, subd. 2, would deprive the prosecutor of the right to determine what charge to bring against an accused and, in effect, transfer to the peace officer all charging discretion when a citation is issued. The argument of the city is persuasive, and we are hesitant to impose upon a prosecutor who has had no opportunity to review a criminal charge issued by citation, the burden of meeting requirements of a rule which appears to address instances where a prosecutor was involved in the original decision of which offense to charge.

■ Even if we were to assume, however, that rule 3.04, subd. 2, applies here, we would conclude that the city satisfied both the requirement that a motion be timely and that the amended complaint charge an offense different from that initially charged.

While Weltzin contends the prosecution failed to move promptly, the record shows the prosecution orally moved to amend the citation at the first pretrial conference on May 27, 1999; that motion was opposed by Weltzin and denied by the court. But that motion was timely.

There is no indication the citation improperly named the defendant or incorrectly described the offense charged. Thus, the only question remaining under rule 3.04, subd. 2, is whether a different offense was charged in the amended complaint. The city suggests it moved to amend the citation to charge Weltzin with a violation of the Duluth City Code to avoid giving him a criminal record, and, therefore, a different offense was, in fact, charged.

Caselaw indicates that where an amendment affects an "essential element" of the charged offense, a "different offense" is charged." *Guerra,* 562 N.W.2d at 13 (citation omitted). We are cited to no authority to assist us, however, in determining whether amending a criminal misdemeanor to a civil ordinance violation affects an essential element of the charged offense. Perhaps the lack of authority can be attributed to the fact that few accused of a crime would complain about a trial court determination that a complaint charging an offense punishable by incarceration be amended to charge an offense under which no incarceration is possible.

In Minnesota, it is "unlawful for any person under the age of 21 years to consume any alcoholic beverages." Minn. Stat. § 340A.503, subd. 1(a)(2) (1998); *see also* Minn.Stat. § 340A.503, subd. 1(c) (1998) (explaining that consumption "includes the ingestion of an alcoholic beverage and the physical condition of having ingested an alcoholic beverage"). Under Duluth, Minn., Code of Ordinances § 8–27(c) (1986), "no person under 21 years of age shall have any alcoholic beverage present in his body as evidence by observable symptoms or chemical tests." While each offense proscribes essentially the same conduct, we are hesitant to declare that a trial court erred in determining that the offense ultimately charged by the prosecutor was different from the one initially

charged in the citation issued by the peace officer.

**Minn. R.Crim. P. 23.04**

■ A prosecutor may not treat a misdemeanor criminal offense as a petty misdemeanor unless the defendant consents and the court approves. Minn. R.Crim. P. 23.04. Because he was originally charged with misdemeanor minor consumption in violation of Minn.Stat. § 340A.503, subd. 1(a)(2), Weltzin contends his consent was required under rule 23.04 to amend the citation to charge a violation of the Duluth City Code. This court recently held, however, that an infraction of the Duluth City Code is neither a misdemeanor nor a petty misdemeanor. *See In re Welfare of D.D.B.*, 596 N.W.2d 666, 667–68 (Minn.App.1999) (stating that a violation of the Duluth City Code is not a misdemeanor or petty misdemeanor but simply an ordinance violation). Therefore, Weltzin's consent was not required to amend the citation, and rule 23.04 was not violated.

**Statutory and Constitutional Right to Jury Trial**

Minn.Stat. § 340A.503, subd. 1(a)(2), a misdemeanor criminal offense, carries the possibility of a $700 fine and up to 90 days in jail. Minn.Stat. §§ 340A.703 and 609.02, subd. 3 (1998). The maximum penalty for a violation of section 8–27(c) of the Duluth City Code is a $700 fine. Duluth, Minn., Code of Ordinances § 1–7 (1984); *see D.D.B.*, 596 N.W.2d at 667–68 (stating that violating the Duluth City Code is not a misdemeanor or petty misdemeanor; it is simply an ordinance violation).

■ Weltzin contends the trial court abrogated his statutory right to a jury trial by allowing the citation to be amended to charge a violation of the Duluth City Code. We disagree. Under the statutory law, an accused is entitled to a jury trial only if a conviction for the charged offense could result in imprisonment. Minn.Stat. § 487.25, subd. 6 (1998). Because no imprisonment was possible for a conviction of violating Duluth, Minn., Code of Ordinances § 8–27(c), no jury trial was statutorily required.

■ Weltzin's argument that his constitutional right to a jury trial was violated must also fail. A crime is defined as "conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine." Minn. Stat. § 609.02, subd. 1 (1998). Because no imprisonment was possible in this case, Weltzin was not charged with a crime and this case did not involve a criminal prosecution. Accordingly, Minn. Const. art. I, § 6, which guarantees the accused the right to a speedy and public trial by an impartial jury in all criminal prosecutions, is not applicable.

■ Finally, the city strongly argues that this case ultimately involves competing constitutional considerations of the essential functions of the prosecution and the separation-of-powers doctrine versus an accused's claimed right to a jury trial, and that the trial court's decision to permit amendment of the "complaint" was an appropriate recognition of the discretion vested in the prosecutor in exercising the charging function. There is merit to this argument.

> As a general rule, the prosecutor's decision whom to prosecute and what charge to file is a discretionary matter which is not subject to judicial review absent proof by defendant of deliberate discrimination based on some unjustifiable standard such as race, sex, or religion.

*State v. Johnson*, 514 N.W.2d 551, 556 (Minn.1994) (quoting *State v. Herme*, 298 N.W.2d 454, 455 (Minn.1980)). Absent contrary legislative intent and discrimination against a particular class of defendants, "the prosecutor may prosecute under any statute that the defendant's acts violate without regard to the penalty." *State v. Chryst*, 320 N.W.2d 721, 722–23 (Minn.1982) (citations omitted). In light of a prosecutor's considerable charging-au-

thority discretion and the separation-of-powers doctrine, "a trial court should not interfere with a prosecutor's exercise of that discretion." *State v. Cash,* 558 N.W.2d 735, 735 (Minn.1997). A prosecutor has broad charging-authority discretion and is entitled to a presumption that he or she acted fairly in charging the defendant. *State v. Andrews,* 282 Minn. 386, 394, 165 N.W.2d 528, 533 (1969).

Here, Weltzin has not alleged that amending the citation constituted deliberate discrimination and there is no indication the prosecutor otherwise abused her charging-authority discretion. Importantly, as the trial court noted, the prosecutor had the authority to dismiss the tab charge in its entirety, and to recharge the matter at a later time. *See* Minn. R.Crim. P. 30.01 (allowing prosecutor to dismiss a complaint without leave of court); *State v. Pettee,* 538 N.W.2d 126, 131 n. 5 (Minn. 1995) (stating dismissal under rule 30.01 is without prejudice and that state may re-indict defendant on same charge at later date); *State v. Couture,* 587 N.W.2d 849, 853 (Minn.App.1999) (same), *review denied* (Minn. Apr. 20, 1999). The trial court here, in effect, permitted the prosecutor to achieve, through a motion to amend a complaint, the exact result that would have been possible under a dismissal of the statutory charge pursuant to rule 30.01 and a subsequent recharging under the Duluth City Code. We see no error in the trial court's decision.

### DECISION

The district court did not violate the Minnesota Rules of Criminal Procedure or abrogate Weltzin's right to a jury trial by amending the citation to charge Weltzin with a violation of Duluth, Minn., Code of Ordinances § 8–27(c) (1986), rather than Minn.Stat. § 340A.503, subd. 1(a)(2) (1998).

**Affirmed.**