STATE of Minnesota, Respondent,

v.

Blair Christian WELTZIN,
Petitioner, Appellant.

No. C5–00–127.

Supreme Court of Minnesota.

July 26, 2001.

Cynthia L. Evenson, Asst. Public Defender, Duluth, for appellant.

Michael Hatch, Atty. Gen., St. Paul, Brian F. Brown, City Atty., Mary E. Asmus, Asst. City Atty., Duluth, for respondent.

## OPINION

LANCASTER, Justice.

A police officer cited appellant Blair Weltzin for underage consumption of alcohol in violation of a state statute, making his behavior a misdemeanor. *See* Minn. Stat. § 340A.503, subd. 1(a)(2) (2000). At a pretrial hearing, the state moved to amend the charge to a violation of an ordinance that also punished underage consumption but, unlike the statutory charge, did not authorize a penalty of incarceration. Over Weltzin's objection, the district court allowed the amendment. After a bench trial, Weltzin was convicted of the ordinance violation. He appealed the court's decision permitting the state to amend the charge from a statutory violation to an ordinance violation, claiming the district court could not do so without his consent. The court of appeals affirmed, concluding that the district court committed no error in permitting the amendment. We affirm.

On April 4, 1999, a police officer cited Weltzin for underage consumption of alcohol in violation of a state statute. *See* Minn.Stat. § 340A.503, subd. 1(a)(2). Section 340A.503, subd. 1(a)(2), makes it unlawful for anyone "under the age of 21 years to consume any alcoholic beverages." Violation of this section is a misdemeanor, Minn.Stat. § 340A.703 (2000), and can be punished by up to 90 days in jail or by a fine of up to $1,000.[1] Minn.Stat. § 609.03, subd. 3 (2000).

At arraignment on May 5, 1999, a "tab charge" was entered into the record because the state had not entered a complaint by the date of the arraignment. The charge was based on the April 4 citation and charged a violation of underage consumption. *See* Minn.Stat. § 340A.503, subd. 1(a)(2). Weltzin pled not guilty and a pretrial hearing was scheduled for May 27.

A tab charge is a brief statement of the offense charged. Minn. R.Crim. P. 1.04(c).[2] It may be used to initiate a prosecution and is a substitute for a complaint. Minn. R.Crim. P. 4.02, subd. 5(3), cmt.

---

1. At the time Weltzin was charged, $700 was the maximum possible fine for a misdemeanor. Minn.Stat. § 609.03, subd. 3 (1998). Since then, the fine limit for a misdemeanor has been raised to $1,000. Minn.Stat. § 609.03, subd. 3 (2000).

2. "As used in these rules, the term 'tab charge' is a brief statement of the offense charged including a reference to the statute, rule, regulation, ordinance, or other provision of law which the defendant is alleged to have violated which the clerk shall enter upon the records." Minn. R.Crim. P. 1.04(c).

("This statement shall be a substitute for the complaint and is sufficient to initiate the proceedings * * *."). A tab charge will be entered for misdemeanors and some designated gross misdemeanors if, by the time the defendant makes his or her first court appearance, no complaint is filed. *Id.*, subd. 5(3).[3]

At the May 27 pretrial hearing, the state moved to amend the charge against Weltzin to a violation of a Duluth city ordinance that also prohibited underage consumption. A significant difference between the statute and the ordinance is that the ordinance provides for no possibility of jail time; rather the maximum possible penalty is a $700 fine. *Compare* Duluth, Minn., Code §§ 8–27(c) (1986),[4] 1–7 (1984), *with* Minn.Stat. § 609.03, subd. 3. Weltzin opposed the state's motion to amend, and the district court denied the motion, stating: "There being opposition, the Court will leave it as a misdemeanor charge * * *." The court's statement suggests that it relied on Minn. R.Crim. P. 23.04 in deciding to deny the motion. Rule 23.04 governs the process of designating a misdemeanor as a petty misdemeanor, and provides:

> If at or before the time of arraignment or trial on an alleged misdemeanor violation, the prosecuting attorney certifies to the court that in the prosecuting attorney's opinion it is in the interests of

justice that the defendant not be incarcerated if convicted, the alleged offense shall be treated as a petty misdemeanor if the defendant consents and the court approves.

After denying the state's motion, the district court scheduled the jury trial for September 21. Shortly before the trial date, Weltzin's attorney called the state's attorney to request a continuance. During this conversation, the state's attorney explained that she intended to renew the motion to amend the charge in light of a recent Minnesota Court of Appeals decision in which the court held that a Duluth ordinance violation was merely an ordinance violation, not equivalent to a misdemeanor or petty misdemeanor.[5] *See generally In re Welfare of D.D.B.*, 596 N.W.2d 666, 667 (Minn.App.1999).

The district court heard the renewed motion to amend the tab charge on September 23, 1999. The state argued that, in light of the recent *D.D.B.* case, the Duluth ordinance was not within the purview of rule 23.04 and therefore the state did not need Weltzin's consent to amend the charge. The state also explained that it sought to amend because Weltzin did not have a criminal record and it did not want to give him one in this case. Weltzin again

---

**3.** Minnesota Rules of Criminal Procedure 4.02, subd. 5(3), provides in part:

> If there is no complaint made and filed by the time of the defendant's first appearance in court as required by this rule for a misdemeanor charge or a gross misdemeanor charge for those offenses designated under Rule 1.04(b), the clerk shall enter upon the records a tab charge as defined in Rule 1.04(c) of these rules. However, in a misdemeanor case, if the judge orders, or if requested by the person charged or defense counsel, a complaint shall be made and filed.

In this case, Weltzin apparently made no request for a complaint and the judge did not order one. Therefore, this prosecution was initiated based solely on the tab charge.

**4.** The Duluth ordinance prohibits any person under 21 from having any alcoholic beverage present in his or her body as evidenced "by observable symptoms or chemical tests." Duluth, Minn., Code § 8–27(c).

See http://www.ci.duluth.mn.us/city/clerk/codemain.html, for Duluth ordinances.

**5.** In light of our disposition, we do not address this issue.

opposed the motion, but this time the court granted it.

After a bench trial that took place on December 28, 1999, Weltzin was found guilty of underage consumption in violation of the Duluth ordinance and was ordered to pay a $100 fine and a library fee. Weltzin appealed, asserting that the district court erred in permitting the tab charge amendment. He argued, among other things, that he was denied his constitutional right to a jury trial which, he asserted, attached at the moment he was cited and became "accused."

The court of appeals affirmed the district court's decision to permit the amendment, holding that Weltzin's consent was not required to amend the charge because rule 23.04 was not implicated. *State v. Weltzin*, 618 N.W.2d 600, 605 (Minn.App. 2000). The court also reviewed the various rules of criminal procedure with potential applicability to the case, *id.* at 603–04, and noted that, because the rules would have permitted the state to dismiss the tab charge and recharge the ordinance violation, the district court did not err in permitting the state to do by amendment what it could have done by dismissal. *Id.* at 606. The court of appeals further held that Weltzin was not denied the right to a jury trial. *Id.* at 605. We affirm.

Weltzin's primary complaint to this court is that the district court should not have permitted the tab charge amendment in the absence of his consent. By doing so, Weltzin argues, the district court violated Minn. R.Crim. P. 23.04 and, more importantly, violated his right to a jury trial. We turn first to Weltzin's rule-based arguments.

 Weltzin asserts that Minn. R.Crim. P. 23.04 applies to his case be-cause the Duluth ordinance is equivalent to a petty misdemeanor for purposes of rule 23, *see* Minn. R.Crim. P. 23.01, and because the policy reasons for requiring a defendant's consent to amend a misdemeanor to a petty misdemeanor [6] are present here. His argument is without merit. Rule 23.04 governs the designation of a misdemeanor as a petty misdemeanor. If the state designates a misdemeanor as a petty misdemeanor, it must prove the same elements because the nature of the offense and charge do not change. *State v. Johnson*, 514 N.W.2d 551, 555 (Minn. 1994) ("The process of certification as a petty misdemeanor under section 609.131 did not change any elements of the substantive offense or create a new class of offense."). What changes is that the offense is effectively decriminalized, *Johnson*, 514 N.W.2d at 553, and if found guilty under this petty misdemeanor designation, a defendant is not saddled with a criminal record and faces no threat of jail time. Here, the state moved to amend, not designate, the statutory charge to the ordinance charge. Contrary to Weltzin's argument, these two charges are not identical. Although the statute and ordinance both prohibit underage consumption of alcohol, they provide for different affirmative defenses. *Compare* Duluth, Minn., Code § 8–27 (noting that it is an affirmative defense if only "nonintoxicating malt liquor," defined as any liquid containing not more than 3.2 percent alcohol by weight, Duluth, Minn., Code § 8–13 (1995), "was consumed or possessed for the purpose of consumption and such consumption or possession was in the presence" of a parent or guardian), *with* Minn.Stat. § 340A.503, subd. 1(a)(2) (noting that it is an affirmative defense if the defendant "consumed the alcoholic beverage in the household of

---

6. According to Weltzin, the consent requirement of rule 23.04 exists, at least in part, to protect defendants' constitutional right to a jury trial.

the defendant's parent or guardian and with" their consent). As such, the statute and ordinance prohibit different conduct and one cannot be "designated" as the other. The state's motion to amend, then, was just that—it was not akin to a motion to designate under rule 23.04. Therefore, we conclude that rule 23.04 is not implicated in Weltzin's case and the district court did not err in permitting the amendment without Weltzin's consent.

■ Weltzin contends that if rule 23.04 does not apply to this tab charge amendment, then no criminal procedure rule applies. More specifically, Weltzin argues that although more than one rule discusses how *complaints* can be amended, no rule expressly permits *tab charges* to be amended. It is true that many of the criminal procedure rules that permit complaints to be amended do not, by their express language, include and permit tab charge amendments. *E.g.,* Minn. R.Crim. P. 3.04, subd. 2; Minn. R.Crim. P. 12.05 ("The complaint, if any, may be amended at the pretrial conference as prescribed by these rules."). However, in that tab charges are effectively complaint substitutes, we see no reason to treat them differently from complaints for amendment purposes. *See* Minn. R.Crim. P. 4.02, subd. 5(3) (1998) ("This brief statement shall be a substitute for the complaint and is referred to as a tab charge in these rules."); Minn. R.Crim. P. 4.02, subd. 5(3), cmt. ("This statement shall be a substitute for the complaint and is sufficient to initiate the proceedings * * *."). This conclusion is further reinforced by Minn. R.Crim. P. 15.07, addressing plea agreements, which suggests that tab charges can be amended: "In either event, the plea may be entered without amendment of the indictment, complaint or tab charge." Finally, as noted by the court of appeals, the rules do expressly permit tab charges like this one to be dismissed and recharged without leave of court. *Weltzin,* 618 N.W.2d at 606 (citing Minn. R.Crim. P. 30.01). In this case, the state could have accomplished the same result by simply dismissing and recharging. For these reasons, we conclude that the rules do not prohibit a tab charge amendment.

■ We now turn to Weltzin's claim that by allowing the state to amend the charge from a statutory offense to an ordinance violation, the district court denied his right to a jury trial. Under federal constitutional law, the right to a jury trial generally does not attach unless the charged crime is punishable by incarceration for more than six months. *See Lewis v. United States,* 518 U.S. 322, 326, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). In Minnesota, the right to a jury trial is broader, extending to all prosecutions for which the maximum authorized penalty is incarceration. Minn. R.Crim. P. 26.01, subd. 1(1)(a). This includes prosecutions for ordinance violations punishable by incarceration. *Id., see City of St. Paul v. Whidby,* 295 Minn. 129, 136, 144, 203 N.W.2d 823, 827, 832 (1972) (holding that in all proceedings for municipal ordinance violations that could result in incarceration, defendants must enjoy the presumption of innocence, and stating that "[t]he fact that certain acts are proscribed by ordinances enacted by a municipal corporation in its legislative capacity rather than by state criminal statutes makes them no less criminal in nature.").

This right to a jury trial derives from Minn. Const. art. I, § 6, which states that "[i]n all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury * * *." Because a "crime" is defined as "conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine," Minn.Stat.

§ 609.02, subd. 1 (2000), an ordinance violation could necessitate a jury trial depending on the possible penalty attached. The offense for which Weltzin was charged by amendment, however, was not punishable by incarceration.

Weltzin essentially argues that when he was charged initially with an offense that carried the potential for incarceration, his right to a jury trial "attached" and remained with him throughout the proceedings regardless of dismissal or amendment. He does not accurately cite any authority for the proposition that the right to a jury permanently "attaches" the moment a defendant becomes accused, and we could find none. While Weltzin may have expected to have a jury trial when he was charged with an incarceration offense in April 1999, the possibility of incarceration disappeared in September 1999 when the charge was amended. With the disappearance of the risk of incarceration, he lost the right to have a jury, rather than a judge, determine the facts at his December trial.

In summary, we hold that rule 23.04 of the Minnesota Rules of Criminal Procedure was not implicated when the district court permitted the state to amend a tab charge of underage consumption in violation of Minn.Stat. § 340A.503, subd. 1(a)(2), to a charge of underage consumption in violation of Duluth, Minn., Code § 8–27(c), and therefore the district court did not err in permitting the amendment over Weltzin's objection.

Affirmed.