**STATE of Minnesota, Respondent,**

v.

**Ruben Perez TLAPA, Appellant.**

**No. C6–01–1393.**

Court of Appeals of Minnesota.

April 9, 2002.

Mike Hatch, Attorney General, James B. Early, Assistant Attorney General, St. Paul; and Douglas J. Christian, Le Sueur County Attorney, Le Center, for respondent.

John M. Stuart, State Public Defender, Sharon E. Jacks, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by WILLIS, Presiding Judge, SHUMAKER, Judge, and PARKER, Judge.*

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant was charged with sex crimes punishable by incarceration. His attorney stated that appellant waived his right to trial by jury. The district court accepted the waiver, although appellant did not personally waive that right either in writing or orally on the record in open court. Therefore, the district court failed to comply with the jury-trial waiver requirement of Minn. R.Crim. P. 26.01, subd. 1(2)(a), and the waiver is invalid. We reverse and remand.

## FACTS

Appellant Ruben Perez Tlapa pleaded not guilty to charges that he engaged in criminal sexual conduct with the eight-year-old daughter of the woman he was dating. These charges were offenses punishable by incarceration.

The case was called for trial on March 19, 2001. Before the trial began, Tlapa's attorney noted that the matter was originally scheduled for a jury trial. There was no further discussion of the jury trial issue at that time, and the record contains no waiver at that point, either by Tlapa or his attorney, of Tlapa's right to a jury trial. A Spanish interpreter translated the proceedings for Tlapa and the matter was tried to the court without a jury.

After all testimony by the state's first witness, the investigating police officer, had been completed, the judge asked Tlapa's attorney about the issue of jury trial waiver:

THE COURT: At this time, Mr. Cowell, I think we should place on the record that your client has waived his jury trial rights; is that right?

MR. COWELL: Yes, Your Honor.

Tlapa's attorney noted for the record his discussion with his client about possible

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

sentences and then returned to the jury-trial waiver:

> MR. COWELL: And he did waive the jury trial, as I indicated.
>
> I did go over his rights with regard to a jury trial. I explained to him what the two choices were, and he chose to have a court trial with Your Honor.
>
> THE COURT: Okay.

Presumably, Tlapa was present during this exchange and the interpreter was translating for him. But at no time was he asked to state his waiver of a jury trial, to acknowledge that he had in fact waived that right, or even to acquiesce in his attorney's statement of the waiver.

At the conclusion of the bench trial, the district court found Tlapa guilty of three counts of criminal sexual conduct. Tlapa appeals, contending that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial.

## ISSUE

In a criminal prosecution for crimes punishable by incarceration, the defense attorney stated that the defendant waived his right to trial by jury. The defendant did not personally waive that right, nor did he acknowledge such waiver or acquiesce in his attorney's statement of the waiver. Was the waiver of jury trial valid?

## ANALYSIS

■ The single issue on appeal is controlled by Minn. R.Crim. P. 26.01, subd. 1(2)(a). We review criminal rule interpretations de novo. *State v. Nerz*, 587 N.W.2d 23, 24–25 (Minn.1998).

■ Because Tlapa was charged with crimes punishable by incarceration, he had a right to be tried by a jury. Minn. R.Crim. P. 26.01, subd. 1(1)(a); *State v. Sandmoen*, 390 N.W.2d 419, 423 (Minn. App.1986). However, Minnesota law permits a defendant to waive his right to a jury trial and to consent instead to a bench trial. *Sandmoen*, 390 N.W.2d at 423. The controlling rule requires that the defendant *personally* waive his right to jury trial:

> The defendant, with the approval of the court may waive jury trial provided the defendant does so personally in writing or orally upon the record in open court, after being advised by the court of the right to trial by jury and after having had an opportunity to consult with counsel.

Minn. R. Crim P. 26.01, subd. 1(2)(a).

We have held this rule to be of constitutional significance:

> American constitutional law, as well as the common law, places a premium on the jury trial. Rule 26.01 reflects this emphasis; the rule clearly requires a jury trial in the absence of defendant's intelligent and recorded waiver.

*State, City of Tracy v. Neuman*, 392 N.W.2d 706, 708–09 (Minn.App.1986) (citation omitted). This rule is clear and plain in its meaning. *Id.*

We have held that the rule is easy to apply:

> The waiver requirement of Rule 26.01 mandates only a relatively painless and simple procedure to protect a basic right. Just as the police are required to advise an arrested individual of his rights, so must the court comply with Minn. R.Crim. P. 26.01.

*Id.* at 709. Finally, we have held that the rule must be strictly construed. *Id.; State v. Ulland*, 357 N.W.2d 346, 347 (Minn.App. 1984). "As we view the rule, strict compliance is required in order to assure that the waiver is voluntarily and intelligently made." *Sandmoen*, 390 N.W.2d at 423–24 (citing *State v. Pietraszewski*, 283 N.W.2d 887, 889–90 (Minn.1979)).

This record shows only that Tlapa's attorney spoke with Tlapa about having a jury trial or a bench trial. The record does not show that Tlapa personally waived his right to trial by jury, or that the court advised Tlapa of that right. Thus, there was no compliance with rule 26.01, subd. 1(2)(a), and Tlapa's jury trial waiver was invalid.

This case also raises an additional concern about waivers from defendants who need to communicate through interpreters. Although we do not doubt that Tlapa's attorney discussed with him a choice between a bench trial and a jury trial, those discussions were private, and we can only assume that an interpreter was available to assist Tlapa in understanding and appreciating his attorney's explanation. When rule 26.01, subd. 1(2)(a), is followed, our concern is likely to be obviated.

**DECISION**

Because appellant's jury trial waiver did not comply with Minn. R.Crim. P. 26.01, subd. 1(2)(a), the waiver was invalid.

**Reversed and remanded.**