*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2126**

State of Minnesota,
Respondent,

vs.

Nazar Taher Mohammed Alfahed,
Appellant.

**Filed June 8, 2015
Affirmed
Connolly, Judge**

Anoka County District Court
File No. 02-CR-12-5407

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Robert D. Goodell, Marcy Crain, Brenda
Sund, Assistant County Attorneys, Anoka, Minnesota (for respondent)

Rory Patrick Durkin, Giancola-Durkin, P.A., Anoka, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Kirk, Judge; and

Stoneburner, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

In this combined appeal from his conviction of criminal sexual conduct and denial of his petition for postconviction relief, appellant argues (1) he was denied a fair trial because the district court failed to qualify the interpreters used at trial; (2) he did not make a valid waiver of his right to a jury trial; (3) he was denied a fair trial because he received ineffective assistance of counsel; and (4) the evidence in the record is insufficient to support his conviction. We affirm.

## FACTS

Appellant Nazar Taher Mohammed Alfahed married D.I. in a cultural ceremony in 2011 and immediately began residing part time in her home with her children. In 2012, while D.I.'s eight-year-old daughter Z.S.A. was watching a movie, appellant entered the room, sat on the floor in front of her, and began digitally penetrating her. Approximately one month later, appellant sat next to Z.S.A. while she was watching television and put his hand in her underwear. D.I. witnessed this incident, and when she confronted appellant, he claimed that he was checking Z.S.A.'s development. On July 3, 2012, D.I. reported the sexual conduct. Following the report, an Anoka County sheriff's deputy interviewed Z.S.A., and she confirmed that appellant had sexually touched her on more than one occasion.

Respondent State of Minnesota charged appellant with criminal sexual conduct in the first degree in violation of Minn. Stat. § 609.342, subd. 1(a) (2012), and criminal sexual conduct in the second degree in violation of Minn. Stat. § 609.343, subd. 1(a)

(2012).  Following a bench trial, the district court found appellant guilty of both charges.

After trial, but before sentencing, appellant retained a new attorney, who filed posttrial

motions for a new trial based on insufficient evidence, newly discovered evidence, and

inadequate interpreter translations.  Following a posttrial-motion hearing, the district

court denied appellant's motion and subsequently sentenced him to 144 months in prison.

Appellant filed a direct appeal and submitted his first appellate brief.  On

March 11, 2014, we granted appellant's motion to stay the appeal so that he could seek

postconviction relief.  On April 9, 2014, appellant filed his petition for postconviction

relief and requested an evidentiary hearing.  In an order issued on April 24, the

postconviction court granted appellant's request for an evidentiary hearing on the limited

issue of whether appellant's trial counsel's advice regarding appellant's waiver of his

right to a jury trial rendered his representation ineffective.  The postconviction court

explained,

> [T]he Petition alleges that trial counsel will testify that he
> relied on comments and subtle assurances by the trial judge in
> chambers in ultimately counseling the defendant to waive his
> right to a jury trial. No details regarding these comments or
> assurances are stated in the Petition, nor does the Court have
> information regarding counsel's trial strategy in choosing to
> pursue a court trial instead of a jury trial.  However, like the
> issue of the interpreters, the defendant's understanding of the
> jury trial waiver has also been extensively evaluated by the
> Court. *See* Findings of Fact, Order, and Verdict (May 7,
> 2013), Order and Memorandum (Sept. 3, 2013). Therefore,
> the only issue raised by this fact is whether counsel's decision
> to advise the defendant to waive his jury trial rights was
> within an objective standard of reasonableness, and whether,
> but for that advice, there was a reasonable probability that the
> results would have been different.  It is not clear that the
> Petition meets the standard for granting an evidentiary

3

hearing on this question, but as all doubts must be resolved in favor of the petitioner, an evidentiary hearing shall be granted on the limited issue of trial counsel's advice regarding the jury trial waiver. The record and prior decisions by this court adequately address the other facts raised by the Petition as ineffective assistance of counsel.

At the postconviction hearing, appellant's trial counsel was not present and appellant's postconviction attorney stated that he would not be calling trial counsel as a witness. Appellant testified that his trial counsel suggested that he should waive his right to a jury trial because jurors are not experienced in court proceedings, the case was complicated, jurors would not understand references to Islamic culture, and because the district court indicated that the outcome would be in appellant's favor if he proceeded with a bench trial. Appellant testified that he decided to waive his right to a jury trial on this basis and stated that he did not understand English and did not have an interpreter when he spoke privately with his attorney. On cross-examination, appellant stated that he always spoke to his attorney in English and never in Arabic, even though they both spoke Arabic. Following this hearing, the district court denied appellant's petition for postconviction relief. This appeal follows.

**D E C I S I O N**

**I.**

Appellant argues that he is entitled to a new trial because (1) the trial court failed to qualify the uncertified interpreters used at trial as experts as required by law and (2) the court committed reversible error when it denied appellant the opportunity to have

4

a full evidentiary hearing on the issue of whether the interpreters were certified or properly qualified. We disagree.

Appellant argues that his trial interpreters were not properly qualified. In district court, he argued that he could not understand his interpreters, but the district court determined that appellant waived this argument by not objecting to the translations at trial. "Plain error affecting a substantial right can be considered by the court on motion for new trial, posttrial motion, or on appeal even if it was not brought to the trial court's attention." Minn. R. Crim. P. 31.02. But, appellant does not offer any support for his argument that his interpreters were not properly qualified. Because appellant does not offer any evidence to support his argument, we conclude that this issue is waived. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (stating that an assignment of error in a brief based on "mere assertion" and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection).

Additionally, appellant argues that the district court erred by not holding an evidentiary hearing on this issue. Appellant has the burden of proving that the interpretations were inadequate. *State v. Montalvo*, 324 N.W.2d 650, 652 (Minn. 1982). Reversal of appellant's convictions is appropriate if the alleged errors in translation denied him his due-process right to a fair trial. *State v. Her*, 510 N.W.2d 218, 222 (Minn. App. 1994), *review denied* (Minn. Mar. 15, 1994). At trial, two Arabic interpreters and an attorney who spoke Arabic aided appellant. Appellant has not presented any example of error in the translation, and neither appellant nor his attorney objected to a translation or raised the issue of inadequate translation at trial. Accordingly, we conclude that the

district court did not err by denying appellant a new trial or evidentiary hearing on this issue.

## II.

Appellant argues that he did not make a valid waiver of his right to a jury trial. We disagree. A defendant has a constitutional right to a jury trial if he is charged with an offense that is punishable by incarceration. U.S. Const. amend. VI; Minn. Const. art. I, §§ 4, 6; *State v. Weltzin*, 630 N.W.2d 406, 410 (Minn. 2001). This right includes the right to be tried by a jury on each element of the charged offense. *State v. Kuhlmann*, 806 N.W.2d 844, 848 (Minn. 2011).

In Minnesota, the right to a jury trial on each element of the charged offense must be waived "personally, in writing or on the record in open court, after being advised by the court of the right to trial by jury." Minn. R. Crim. P. 26.01, subd. 1(2)(a). A waiver of a jury trial must be knowing, intelligent, and voluntary. *State v. Ross*, 472 N.W.2d 651, 653 (Minn. 1991). The district court "must be satisfied that the defendant was informed of his rights and that the waiver was voluntary." *Id.* (quotation omitted). Whether a criminal defendant has been denied the right to a jury trial is a constitutional question, which appellate courts review de novo. *Kuhlmann*, 806 N.W.2d at 848-49. We also review de novo whether the district court complied with Minn. R. Crim. P. 26.01, subd. 1(2)(a). *State v. Tlapa*, 642 N.W.2d 72, 74 (Minn. App. 2002), *review denied* (Minn. June 18, 2002).

Appellant concedes that his waiver was made personally, in writing, and on the record in open court and that the district court advised him of his right to a jury trial.

Appellant argues that he did not have a meaningful opportunity to consult with counsel prior to waiving his right to a jury trial. First, he argues that he did not have the opportunity to consult with his attorney because "there was no interpreter present to aid counsel in explaining [his] rights." Appellant's trial counsel stated on the record that he speaks both Arabic and English.[1] Appellant signed a written waiver of his right to a jury trial with an Arabic interpreter present and both the district court and appellant's trial counsel inquired about appellant's waiver with an interpreter present. Appellant stated that he had time to consult with his attorney regarding his waiver of the jury trial and that he fully understood all aspects of the waiver. Additionally, appellant's proficiency in English is indicated by the fact that he chose to testify at his trial in English. Appellant did not at any time indicate that he did not understand the proceedings. Consequently, we conclude that the district court did not err by determining that appellant had an opportunity to consult with his trial counsel about the waiver of his right to a jury trial.

Next, appellant argues that he did not validly waive his right to a jury trial because "counsel's statements regarding the judge's opinion of the case were inappropriate and improperly influenced [him]." Appellant alleged that his trial counsel told him that the district court made assurances that a court trial would be in appellant's best interests due

---

[1] Appellant did not order the transcript of his jury trial waiver. It is the appellant's duty to order a transcript "of those parts of the proceedings not already part of the record which are deemed necessary for inclusion in the record." Minn. R. Civ. App. P. 110.02, subd. 1(a). Where a transcript is not provided on appeal, this court's task is "limited to determining whether the trial court's findings of fact support its conclusions of law." *Am. Family Life Ins. Co. v. Noruk*, 528 N.W.2d 921, 925 (Minn. App. 1995), *review denied* (Minn. Apr. 27, 1995).

to the Islamic undertones of the case. Appellant did not call his trial counsel as a witness nor did he subpoena him to testify at his postconviction hearing. Instead, appellant's only proffered evidence was his own testimony about what his trial counsel told him. The postconviction court concluded that appellant's testimony about his trial counsel's statements was inadmissible hearsay because appellant's statements about what his trial counsel said were stated for the truth of the matter asserted—namely, that appellant's counsel actually said what appellant claimed he said. Although it appears as though these statements were not hearsay,[2] the postconviction court actually heard appellant's testimony and stated that it did not find it to be credible. We defer to this credibility determination. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). And without trial counsel's testimony, there is no evidence to suggest that his trial counsel improperly influenced him. Appellant has not offered sufficient evidence to show that he was improperly influenced into waiving his right to a jury trial, and consequently, we conclude that the district court did not err by determining that appellant properly waived his right to a jury trial.

## III.

Next, appellant argues that he "received ineffective assistance of counsel, and as a result was denied a fair trial because his trial attorney failed to object to or request an

---

[2] "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Minn. R. Evid. 801. The attorney's alleged statements were not offered to prove the truth of the matter asserted, but rather to show appellant's reliance on these statements.

examination of the interpreters present at trial," and "misled [appellant] into believing that if he waived his right to a jury trial he would not be found guilty." Again, we disagree.

We review claims of ineffective assistance of counsel de novo. *Dobbins v. State*, 788 N.W.2d 719, 728 (Minn. 2010). Defendants are guaranteed the right to effective assistance of counsel. U.S. Const. amend. VI; Minn. Const. art. I, § 6. To show that he did not receive effective assistance of counsel, appellant must demonstrate "(1) his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for his counsel's unprofessional errors, the result of the proceedings would have been different." *State v. Nissalke*, 801 N.W.2d 82, 111 (Minn. 2011) (quotation omitted). Objective reasonableness is "representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (quotation omitted). We presume that trial counsel's performance was reasonable and defer with respect to matters of trial strategy. *Schneider v. State*, 725 N.W.2d 516, 521 (Minn. 2007).

## A.    Failure to challenge qualifications of interpreters.

Appellant argues that his trial counsel's performance fell below the objective standard of reasonableness because he failed to object to or request an examination of the interpreters present at trial. We disagree. Defense counsel's decision not to challenge the interpreters' qualifications is a strategic decision which is generally not reviewed by an appellate court. *See State v. Jones*, 392 N.W.2d 224, 236 (Minn. 1986). And, because

9

appellant's trial counsel spoke both English and Arabic and appellant is fluent in Arabic and proficient in English, it was reasonable for appellant's counsel not to inquire into the interpreters' qualifications based on the fact that they could understand and object to any incorrect interpretations.

Additionally, appellant has not indicated how this alleged performance deficiency prejudiced his case. "The defendant has the burden of proving on appeal that the interpretation was inadequate." *Her*, 510 N.W.2d at 222 (quotation omitted). Appellant does not cite any examples of inadequate or incorrect translation. Neither appellant nor his trial counsel objected to any translation even though they both speak Arabic. Therefore, we conclude that appellant did not receive ineffective assistance of counsel based on this allegation.

## B.     Improper advice regarding jury trial waiver.

Appellant argues that his trial counsel's "conduct in inducing [his] waiver fell below an objective standard of reasonableness." We disagree.

Appellant argues that his trial counsel told him that the district court made assurances that a court trial would be in appellant's best interest. But, as noted above, appellant's trial counsel did not testify and appellant has not presented other evidence to support his argument other than his own testimony, which the district court did not find credible. Appellate courts defer to district court credibility determinations. *Sefkow*, 427 N.W.2d at 210.

Even assuming that appellant's trial counsel's performance fell below an objective standard of reasonableness, it does not appear as though his actions prejudiced the

10

outcome of appellant's case based on the overwhelming evidence against him. Z.S.A. testified that appellant sexually abused her on two occasions. D.I. testified that she witnessed one instance of sexual contact, and several other witnesses corroborated Z.S.A.'s and D.I.'s testimony. We conclude that the district court properly determined that appellant is not entitled to a new trial based on ineffective assistance of counsel.

## IV.

Lastly, appellant argues that there was insufficient evidence to convict him of criminal sexual conduct in the first degree and criminal sexual conduct in the second degree. We disagree.

In considering a claim of insufficient evidence, this court's review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). The reviewing court must assume "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). This is especially true when resolution of the matter depends mainly on conflicting testimony. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980). The reviewing court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

11

To affirm a conviction of criminal sexual conduct in the first degree, the evidence at trial must be sufficient to prove (1) appellant engaged in sexual penetration with another person, and (2) the complainant is under 13 years of age and appellant is more than 36 months older than the complainant. Minn. Stat. § 609.342, subd. 1(a). To affirm a conviction of criminal sexual conduct in the second degree, the evidence must be sufficient to prove (1) appellant engaged in sexual contact with another person, and (2) the complainant was under 13 years old and appellant was more than 36 months older than the complainant. Minn. Stat. § 609.343, subd. 1(a).

Z.S.A. testified at trial and the district court found her testimony to be credible. She stated that when she was eight or nine years old, appellant entered her room and sat on the floor in front of her bed, and touched and digitally penetrated her vagina. She also testified that on a different occasion, but also when she was eight or nine years old, appellant entered the living room and sat next to Z.S.A. while she was watching cartoons. Appellant put his hand underneath her underwear and touched her vaginal area with his hand. Although appellant argues that he was convicted of the charged offenses based solely on Z.S.A.'s uncorroborated testimony, in criminal sexual conduct cases, the testimony of a victim need not be corroborated. Minn. Stat. § 609.347, subd. 1 (2014).

Furthermore, several other witnesses corroborated Z.S.A.'s testimony. D.I. testified that she saw appellant have sexual contact with Z.S.A. D.I. reported the abuse to an Adult Rehabilitative Mental Health Services worker, who testified at trial. She testified that D.I. came to her with a report of sexual conduct. Also, a sheriff's deputy testified that he interviewed Z.S.A. during the investigation into the alleged sexual

12

conduct. He stated that Z.S.A.'s interview was consistent with her trial testimony. Accordingly, we conclude that there was sufficient evidence to convict appellant of the charged offenses.

**Affirmed.**