**STATE of Minnesota, Appellant,**

**v.**

**Charles Gorden SCHUBRING,
Respondent.**

**No. C6-88-1557.**

Court of Appeals of Minnesota.

Sept. 27, 1988.

Bradley C. Rhodes, Asst. Aitkin County Atty., Aitkin, for appellant.

Charles E. Barnum, III, Crosby, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J. and LANSING and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellant filed an appeal from a pretrial order suppressing evidence in a DWI prosecution. On July 21, 1988, the hearing transcript requested by the prosecutor was filed in the trial court, according to the certificate of transcript delivery filed with the office of appellate courts.

Appellant filed its brief on August 17, 1988. Respondent Schubring, along with his brief, filed a motion to dismiss the appeal, claiming that appellant's brief was not timely filed. Appellant has not responded to the motion.

### DECISION

Minn.R.Crim.P. 28.04, subd. 2(3) provides that in an appeal by the prosecu-

tion from a pretrial order, the appellant's brief shall be filed "[w]ithin fifteen (15) days of delivery of the transcripts." The state's brief was due on August 5, 1988 but was not filed until August 17.

The supreme court has stated:

We have ruled in a number of cases that generally we will dismiss the state's appeal if this rule is not complied with unless there are special circumstances which would justify our exercising appellate jurisdiction.

*State v. Keith,* 325 N.W.2d 641, 642 (Minn. 1982) (citing *State v. Olson,* 294 N.W.2d 320 (Minn.1980) and *State v. Schroeder,* 292 N.W.2d 758 (Minn.1980)). This court follows this long-standing rule, a rule which may be somewhat obscured because the vast majority of such dismissals are being entered by special term order. We note also that the rule is strictly applied. *See Olson,* 294 N.W.2d at 321 (appeal dismissed where appellant's brief was one day late).

Appellant here has not responded to the motion, and the record reveals no "special circumstances" justifying accepting jurisdiction.

Respondent is granted $300 in attorney fees under Minn.R.Crim.P. 28.04, subd. 2(6).

APPEAL DISMISSED.