STATE of Minnesota, Appellant,

v.

Jeffrey Mark TSCHIDA, Respondent.

No. C4–02–477.

Court of Appeals of Minnesota.

June 18, 2002.

Mike Hatch, Attorney General, St. Paul, and Shari A. Jacobus, Kari L. Lillesand, Jensen, Bell, Converse & Erickson, St. Paul, for appellant.

Rodd A. Tschida, St. Paul, for respondent.

Considered and decided by HARTEN, Presiding Judge, LANSING, Judge, and WILLIS, Judge.

## SPECIAL TERM OPINION

HARTEN, Judge.

The state filed this appeal from a pretrial order dismissing a complaint. This court issued an order questioning jurisdiction. After reviewing the parties' jurisdictional memoranda, we accept jurisdiction.

## FACTS

The state filed a complaint charging respondent Jeffrey Tschida with obstruction of legal process, Minn.Stat. § 609.50(1) (2000), and disobeying a lawful police order in violation of a Roseville city ordinance. The complaint alleged that when police responded to a 911 call reporting a "suspicious vehicle" in a motel parking lot, they discovered Tschida and a companion, who both exited the vehicle but complied with a police command to return to it. The district court ruled that this command, which preceded the conduct with which Tschida was later charged, was a "seizure" unsup-

ported by a reasonable, articulable suspicion. On 15 March 2002, the district court issued an order granting Tschida's motion to dismiss the complaint.

On 25 March 2002, the state filed a notice of appeal from the district court's dismissal order. The state also filed a statement of the case indicating that no transcript was required. On 12 April 2002, the state filed its appellant's brief. Because the brief had not been filed within 15 days following the filing of the appeal, this court questioned jurisdiction. After reviewing the parties' jurisdictional memoranda, this court at special term concluded that a special term opinion on the jurisdictional question should be issued.

### ISSUES

1. Was the state's appellant's brief timely filed?

2. Are there "special circumstances" warranting acceptance of jurisdiction?

### ANALYSIS

**1. Timeliness**

This court questioned jurisdiction over this prosecution pretrial appeal after the state failed to file its appellant's brief within 15 days after it filed the notice of appeal. In a pretrial appeal, timely filing of the appellant's brief is jurisdictional. *State v. Schubring*, 429 N.W.2d 323, 324 (Minn.App.1988). The supreme court has stated that "absent special circumstances," a prosecution pretrial appeal should be dismissed if the state does not timely file its appellant's brief. *State v. Olson*, 294 N.W.2d 320, 321 (Minn.1980).

The briefing rule for prosecution pretrial appeals states:

Within fifteen (15) days of delivery of the transcripts, appellant shall file the appellant's brief * * *.

Minn. R.Crim. P. 28.04, subd. 2(3). The statement of the case filed by the state indicated that no transcript was necessary, and none was ordered. The state's appellant's brief was filed on 12 April, which was the eighteenth day after filing of the notice of appeal on 25 March. As is apparent from the language quoted above, there is no provision in Rule 28.04, subd. 2(3), for calculating the due date of appellant's brief when no transcript has been ordered. In other types of appeals, this alternative due date is calculated from the date of filing of the notice of appeal. *See* Minn. R.Crim. P. 28.02, subd. 10 (defense appeals); Minn. R. Civ.App. P. 131.01, subd. 1 (civil appeals).

The state argues that because there is no provision in Minn. R.Crim. P. 28.04 for calculating the due date when no transcript is ordered, the civil appellate rules must apply. *See* Minn. R.Crim. P. 28.01, subd. 2 (providing that civil appellate rules govern criminal appeals "[e]xcept as otherwise provided" in criminal rules). Instead of borrowing the alternative due-date calculation for filing of appellant's brief, however, the state would have this court borrow the longer 30–day briefing period for civil appeals. *See* Minn. R. Civ.App. P. 131.01, subd. 1. But the problem with the criminal rule would not be solved by borrowing a different briefing period from the civil appellate rules. It would still be unclear when the briefing period begins to run.

Many prosecution pretrial appeals could not be scheduled without having a way to calculate the due date for appellant's brief when no transcript is ordered. This alternative due date is particularly critical for prosecution pretrial appeals, the only type of appeal in which timely filing of the appellant's brief is jurisdictional. *See Olson*, 294 N.W.2d at 321; *cf.* Minn. R.Crim. P. 28.02, subd. 4 (stating jurisdictional requirement for defense appeals).

This court's practice has been to calculate this alternative due date from the filing of the notice of appeal. This calculation is not only consistent with the rules governing other appeals, but also recognizes that an appeal in which no transcript is required is ready to be briefed. Following this court's practice, therefore, the state's appellant's brief was not timely filed.

## 2. Special Circumstances

This court may accept jurisdiction over a pretrial appeal, despite the state's failure to timely file its appellant's brief, if there are "special circumstances." *Schubring*, 429 N.W.2d at 324 (quotation omitted). Here, the rule gave the prosecution no guidance in calculating the due date for its appellant's brief. As the supreme court has recognized, appellate rules should not be allowed to function as a "trap for the unwary." *Huntsman v. Huntsman*, 633 N.W.2d 852, 856 (Minn. 2001). We conclude that the omission from Minn. R.Crim. P. 28.04, subd. 2(3), of any alternative calculation of the due date and the lack of any published opinion on the issue constituted "special circumstances" in this case excusing the late filing of appellant's brief.

## DECISION

The appellant's brief was not filed within 15 days of the filing of the notice of appeal and, therefore, was not timely. But "special circumstances" exist warranting this court in accepting jurisdiction.

**Jurisdiction accepted.**